FREDERICK KITZMAN *vs.* MINNESOTA THRESHER MANUFACTURING

COMPANY.

Opinion filed November 21, 1900.

**Judgment—Enforcement—Injunction—Remedy at Law.**

> An independent action in equity to enjoin the collection of a judgment will not lie in a case such as this, where it appears from the facts alleged in the complaint that the plaintiff had an adequate remedy at law by a motion to vacate such judgment under section 5298, Rev. Codes 1899. In disposing of such motions, courts are empowered to administer equitable relief, and apply equitable principles to the facts involved.

Appeal from District Court, Ramsey County; *Morgan, J.*

Action by Frederick Kitzman against the Minnesota Thresher Manufacturing Company and William Holz, sheriff. Judgment for defendants, and plaintiff appeals.

Affirmed.

*V. B. Noble* and *Redmon, Ink & Wallace,* for appellant.

*George A. Bangs,* for respondents.

WALLIN, J. This action was brought to permanently enjoin the collection of a judgment, and a temporary injunctional order was issued, restraining proceedings under the judgment. The defendants demurred to the complaint upon the ground that the same did not state facts sufficient to constitute a cause of action. After a hearing in the District Court, that court made an order sustaining the demurrer; also, an order dissolving the injunctional order. These rulings of the trial court have been brought to this court for review, and, in disposing of the entire case in this court, it will be necessary to pass only upon the sufficiency of the complaint. We have no difficulty in reaching the conclusion that the complaint fails to state a cause of action, but this conclusion is predicated upon the theory that the plaintiff has mistaken his remedy. The judgment which is sought to be enjoined is upon a promissory note, and was entered by default on June 22, 1892, in the District Court for the county of Ramsey, in an action in which the defendant herein was plaintiff, and this plaintiff and Wilhelmina Holz and William Holz were defendants. It is alleged in the complaint herein that this plaintiff never was served with notice of the entry of said judgment, and that he never had or received notice or knowledge of the existence of the judgment until the month of June, 1899, when an execution issued upon the judgment, which was then levied on the property of this plaintiff. The complaint further alleges, in substance, that this plaintiff had been released from all liability upon the note sued upon in said action by an agreement made with the defendant herein, through its agent, which agreement and release, as alleged, were made prior to the institution of the

action upon the note. The complaint further charges, in effect, that at the time said agreement of release was made the note was retained by the plaintiff for the reasons that the plaintiff desired to collect the same as against the other signers thereof, and it was then understood and agreed that a suit might be brought against all the signers of the note. In this regard, the complaint expressly charges that the plaintiff was assured by the defendant's agent that no judgment would be entered in such contemplated suit against this plaintiff, and that, if it was so entered by any mistake, the same would be canceled at once by the defendant in this action. The complaint further charges that the plaintiff herein relied upon said assurances of the plaintiff's agent, and was induced thereby to refrain from answering the complaint in said other action, and setting up a defense thereto on the merits of the action. The complaint further states that the representations made to him as above stated were made with the fraudulent intent and purpose of inducing this plaintiff to refrain from answering the complaint and setting up a defense upon the merits. It therefore appears by the complaint that this plaintiff had a defense as against the note upon which said action was based, and further appears that on account of certain fraudulent representations made by the plaintiff in the other action, through its authorized agent, this plaintiff was induced to refrain from interposing such defense, and in consequence of plaintiff's neglect to do so a judgment was entered by default against this plaintiff. It seems entirely clear to this court that the allegations of the complaint show that this plaintiff has an adequate remedy at law, by a motion to vacate the judgment in the other action. Section 5298, Rev. Codes 1899, authorizes the District Court at any time within one year after notice of a judgment to relieve a party therefrom, when the same was "taken against him through his mistake, inadvertence, surprise or excusable neglect." This familiar remedy by motion is both speedy and economical, and it is also well settled that, in granting this relief by motion, the courts will exercise the powers of a court of equity, applicable in administering the relief sought in actions of this nature. From an early period in the history of the common law, courts of chancery have, upon certain grounds, exercised the right to enjoin the enforcement of judgments entered in the common-law courts. The grounds upon which equity could be invoked for such purpose were, however, not very numerous, but among them the ground of fraud in procuring the judgment was always deemed amply sufficient. It is also true that equity would also restrain the enforcement of common-law judgments upon other grounds, and particularly in cases where the facts stated in the bill showed that the complainant had a valid equitable defense to the cause of action at law, but which defense, under the strict rules obtaining at law, he was unable to interpose in the common-law action. It is likewise true that bills of complaint have been in earlier times frequently entertained as a means of obtaining new

trials in actions at law. But this jurisdiction of courts of chancery arose long anterior to the adoption of the amalgamated remedies which are now available under modern statutes, and especially under the Codes of Civil Procedure. New trials are now readily obtainable in courts of law, and defenses which are strictly equitable in character may, under the Codes of Civil Procedure, be interposed by a defendant in an action. But it is further true that under the code procedure certain statutory provisions, such as that embraced in section 5298, have afforded a remedy by motion as a means of relief against judgments which prior to the adoption of the Code was obtainable only in courts of equity. As a result of these innovations upon the ancient procedure, it has seldom been found necessary in the code states for a suitor to enjoin the enforcement of a judgment at law by means of an independent action for equitable relief. At no time would a court of equity interfere if a complete remedy could be obtained at law, and this well-established rule has been frequently applied to cases where the relief sought in equity by an independent action was available to the suitor by motion made under the statute. Under the early practice it was incumbent upon the complainant to set out in his bill facts showing that the courts of law were powerless to afford the remedy sought in equity. Under this rule the omission of this plaintiff to plead any such facts would alone render the complaint demurrable, and no such facts are set out in this complaint.

We shall hold in this case that the complaint is insufficient, and place our ruling upon the ground that under the statute, upon the facts stated, the plaintiff has an adequate remedy by motion under said section, made in the original action. In point of fact, the plaintiff has already obtained a full measure of relief by means of a motion made in the original action to vacate said judgment. The relief was denied in the District Court, but upon appeal the court below was directed to reverse its order and grant the relief sought by the plaintiff. See the case of *Manufacturing Co.* v. *Holz* (decided at this term) 84 N. W. Rep. 581. The authorities cited below will amply sustain our conclusions. See *Wieland* v. *Shillock*, 23 Minn. 227, and 11 Enc. Pl. & Prac. pp. 1197, 1209, and notes and authorities. In this case we do not desire to go further than to hold that, where it appears that a party who seeks to enjoin the collection of a judgment by means of an independant action has an adequate remedy at law by motion, such action will not lie. We find no error in the rulings of the trial court, and the same are, therefore, in all things affirmed. All the judges concurring.