# CASES

## ARGUED AND DETERMINED

### IN THE

# SUPREME COURT OF NORTH DAKOTA

Louis Freeman, *et al. vs.* W. B. Wood.

**Assignment for Creditors—Discharge of Assignee—Laches.**

On September 27, 1893, plaintiffs Louis Freeman and Julius H. Burwell were copartners, and engaged in business at the city of Grand Forks, N. D., under the firm name of L. Freeman & Co., and on said day said firm, being then insolvent, made an assignment under § 4660, Comp. Laws 1887, of all the property of said firm, to the defendant, in trust for the benefit of the creditors of said firm. Defendant accepted said trust, and took all of said property into his possession as such assignee, and then and there entered upon the execution of his trust. Later, and in the month of July, 1895, an accounting was had by the defendant with respect to such trust before the district court for Grand Forks county, and such proceedings were had at such accounting that a decree or order was entered by the court in said assignment proceeding discharging the defendant and his bondsmen from further liability on account of said assignment and trust. This action was instituted in July, 1900, and was brought to compel the defendant to account anew for said trust property, and as a preliminary to such relief plaintiffs ask that the decree of discharge entered by the court in July, 1895, be vacated of record. The complaint charges, in effect, that the defendant converted a large part of the trust property to his own use, and never accounted for the same; and that the court was deceived by a false and fraudulent account presented by defendant at said accounting; and that said order of discharge was procured by fraud. The complaint further charges that the plaintiffs were induced, by the fraudulent representations made to them by the defendant, to not attend in court at the time said accounting was made, and on account of such false and fraudulent representation the plaintiffs were not present at such accounting. The complaint omits to state when the frauds complained of were first discovered by the plaintiffs, and no facts are alleged attempting to explain or excuse the laches of the plaintiffs involved in their failure to seek their remedy by means of a motion made in the assignment proceedings. A demurrer to the complaint for insufficiency was overruled by the district court. *Held,* that the ruling was error.

N. D. R.—1

### Action to Set Aside Discharge—Complaint Insufficient.

The statute having provided a speedy remedy by motion, whereby a judgment obtained by fraud may be set aside, it is seldom that an independent action is necessary for this purpose, and when such actions are brought the rule is well settled that the plaintiff must allege facts excusing his failure to proceed by motion in the action. In this case no such facts are pleaded, and accordingly it is *held* that the complaint fails to state facts sufficient to constitute a cause of action.

### Remedy Against Void Judgment.

In judgments which are void for want of jurisdiction the remedy either by motion or by action is available to the suitor. In such cases the statutory time limit of one year is no bar to the remedy.

Appeal from District Court, Grand Forks County; *Cowan,* J.

Action by Louis Freeman and others against W. B. Wood. Judgment for plaintiffs, and defendant appeals. Reversed.

*John A. Sorley* and *Geo. A. Bangs,* for appellant.

The plaintiff has mistaken his remedy. He should have moved to set aside the judgment or order of which he complains. Section 5298, Rev. Codes. Where a court of law can do as full justice to the parties and to the matter in dispute as can be done in equity, a court of equity will not stay proceedings at law. 3 Pom. Eq. Jur. § 1361; *Bateman* v. *Willowe,* 1 S. & R. 201; *Headley* v. *Bell,* 84 Ala. 346; *Harding* v. *Hawkins,* 141 Ill. 572, 31 N. E. Rep. 307, 33 Am. St. Rep. 347; *Ratliff* v. *Stretch,* 130 Ind. 282, 30 N. E. Rep. 30; *Whitaker* v. *Wickersham,* 5 Del. Ch. 187; *Luinger* v. *Glenn,* 33 Neb. 187, 49 N. W. Rep. 1128; *Procter.* v. *Pettit,* 25 Neb. 96, 41 N. W. Rep. 131; *Phillips* v. *Pullen,* 45 N. J. Eq. 5, 15 Atl. Rep. 9. Where the judgment may be set aside by a motion in the original action upon the grounds which would give jurisdiction to a court of equity, and the time within which such motion can be made has not expired, the remedy at law is adequate and a court of equity will refuse to take jurisdiction. Freeman, Judg. § 497; *Logan* v. *Hillegas,* 16 Cal. 21; *Bibend* v. *Krentz,* 20 Cal. 109; *Lauches* v. *Carriaga,* 31 Cal. 171; *Luco* v. *Brown,* 73 Cal. 3, 14 Pac. Rep. 366; *Hollinger* v. *Reeme,* 138 Ind. 363, 46 Am. St. Rep. 402; *Whitehurst* v. *Transportation Co.,* 13 S. E. Rep. 937; *Crocker* v. *Allen,* 13 S. E. Rep. 650, 27 Am. St. Rep. 831; *Dupratt* v. *James,* 61 Cal. 360; *Ketchum* v. *Crippen,* 37 Cal. 223; *Heller* v. *Mfg. Co.,* 47 Pac. Rep. 1016; *Yorke* v. *Yorke,* 3 N. D. 343; *Kitzman* v. *Mfg. Co.,* 10 N. D. 26, 84 N. W. Rep. 585; *Crandell* v. *Bacon,* 20 Wis. 639; 91 Am. Dec. 451; *Buckley* v. *Hellbrunner,* 7 Ind. 489; *Grass* v. *Hess,* 37 Ind. 193; *March* v. *Best,* 41 Mo. 493; *Vilas* v. *Ry. Co.,* 23 N. E. Rep. 941. The complaint fails to show diligence on the part of the plaintiffs, either before or after judgment. A court of equity will therefore refuse to take jurisdiction. Freeman, Judg., § § 506, 493, 486; *Burton* v. *Wiley,* 26 Vt. 432; Story's Eq. Jur. 1574; *Emerson* v. *Nuall,* 13 Vt. 477; *Pettes* v. *Bank,* 17 Vt. 435; *Carring-*

*ton* v. *Holabird,* 17 Conn. 530; *S. C.,* 19 Conn. 84; *Foster* v. *Wood,* 6 Johns. Ch. 87. Where a judgment rendered is clearly inequitable and is obtained through accident, surprise, mistake, fraud, or wrongful conduct of the plaintiff, and where no relief can be obtained, except in equity, because of the persuasive character of the equities, relief is granted; but if the applicant's wilful negligence or inattention has contributed to his unfortunate position. equity will not interfere. *Champion* v. *Woods,* 76 Cal. 17, 17 Pac. Rep. 942; *Stroup* v. *Sullivan,* 46 Am. Dec. 389; *Bellamy* v. *Woodson,* 48 Am. Dec. 221; *Ames* v. *Snider,* 55 Ill. 498; *Cairo Ry. Co.* v. *Holbrook,* 92 Ill. 297; *Ratliff* v. *Stretch,* 130 Ind. 282, 30 N. E. Rep. 30; *English* v. *Aldrich,* 31 N. E. Rep. 456; *Casey* v. *Gregory,* 56 Am. Dec. 581; *Kelleher* v. *Boden,* 21 N. W. Rep. 346; *Norwegian Co.* v. *Bollman,* 66 N. W. Rep. 292; *Brenner* v. *Alexander,* 19 Pac. Rep. 9; *Tompkins* v. *Brennen,* 56 Fed. Rep. 694. The plaintiffs in this case should be required to set forth specifically the time when the fraud was discovered and the reasons for the delay in bringing this suit. *March* v. *Whitmore,* 88 U. S. 482; *Badger* v. *Badger,* 69 U. S. 836; *Campair* v. *VanDyke,* 15 Mich. 371. There has never been a rescission either by the creditors or by Jones. The creditors were the only ones who could rescind. They are the ones whose consent to the act was obtained by fraud. They alone can act, and not an assignee of their cause of action. Section 3931, Rev. Codes; 1 Bigelow on Frauds, 73, 214, 545; Bishop on Contracts, 671; *Crocker* v. *Bellangee,* 6 Wis. 645, 70 Am. Dec. 489; *M. & M. Ry. Co.* v. *Ry. Co.,* 20 Wis. 144, 88 Am. Dec. 740. Cause of action is not assignable and Jones cannot maintain this action. *Dayton* v. *Fargo,* 45 Mich. 153; *Brush* v. *Sweet,* 38 Mich. 574; *Norton* v. *Tuttle,* 50 Ill. 130; *Holmes* v. *Moore,* 5 Pick. 257; *Leggate* v. *Moulton,* 115 Mass. 552; *Murray* v. *Buell,* 76 Wis. 657, 45 N. W. Rep. 667; *Sanborn* v. *Doe,* 28 Pac. Rep. 105; *Whitney* v. *Kelley,* 29 Pac. Rep. 624. No person will be permitted to proceed against a judgment to which he was not a party and which did not at its rendition affect any of his rights. 2 Freeman, Judg. 512, 15 Enc. Pl. & Pr. 249, 250.

*Tracy R. Bangs* and *Cochrane & Corliss,* for respondents.

It is conceded that before the tranfer to Jones of their rights, the creditors of Freeman & Co. had a right to call upon defendant to account and to escape the force of the order discharging him as assignee, by showing the fraud alleged. The transfer by the creditors of their rights to Jones in no manner operated to prejudice the defendant, and he was not thereby released from all liability for wholesale fraud and abuse of trust. *Graham* v. *Ry. Co.,* 102 U. S. 148; *Dickinson* v. *Burrell, L. R.,* 1 Eq. Cas. 337; *McMahon* v. *Allen,* 35 N. Y. 403; *Cockell* v. *Taylor,* 15 Beav. 103, 2 Am. & Eng. Enc. L. (2d Ed.) 1024, 1025; *Whitney* v. *Roberts,* 22 Ill. 381; *Norton* v. *Tuttle,* 60 Ill. 130. A mere right to complain of

fraud is not assignable, fraud not being a vendible commodity. I Parson, Contracts, 226; Story ,Eq. Jur. § 1040; *Cross* v. *Bank,* 66 Cal. 462, 6 Pac. Rep. 94; *Whitney* v. *Kelley,* 29 Pac. Rep. 624; *Crocker* v. *Bellangee,* 70 Am. Dec. 489. But the rule applies only to a case where the assignment does not carry anything which has itself a legal existence and value independent of the right to sue for fraud. The assignee of a creditor may maintain an action to set aside a fraudulent transfer made by the debtor before the claim was assigned to such assignee. 2 Bigelow on Fraud, 423; *Billingsly* v. *Clelland,* 23 S. E. Rep. 820; Waite's Fraud, Conv. 392; *Warren* v. *Williams,* 52 Me. 349; *Lionberger* v. *Baker,* 14 Mo. App. 353; Bump's Fraud. Conv. 506; *Schlieman* v. *Bowlin,* 36 Minn. 199. Fraud being charged against the defendant, if he allege laches in the plaintiff, it is for him to show when the plaintiff acquired knowledge of the truth, and that plaintiff knowingly forebore to assert his rights. 12 Am. & Eng. Enc. L. 603. The statute gives six years after discovery of fraud in which to sue: Section 5201, Subd. 6, Rev. Codes. Where a cause of action arises from fraud the statute of limitation will not begin to run, nor laches apply, until the discovery of the fraud. The failure to use diligence is excused where there is a relation of trust and confidence, rendering it the duty of the party committing the fraud to disclose the truth to the other. *Farwell* v. *Telegraph Co.,* 44 N. E. Rep. 891; *Penn* v. *Fogler,* 55 N. E. Rep. 192; *Kelly* v. *Boettcher,* 85 Fed. Rep. 55; *Williams* v. *Monroe,* 101 Fed. Rep. 329; 18 Am. & Eng. Enc. L. (2d Ed.) 97, 105; *Beaumont* v. *Boultbee,* 5 Ves. 485; *Boswell* v. *Coaks,* L. R. 27 Ch. Div. 424, 457. In an action by a creditor to compel an accounting by the assignee and recover his share of the trust fund, such creditor can sue in his own behalf and in behalf of others who may choose to come in under the decree. *Travis* v. *Myers,* 67 N. Y. 542; Burrill on Assignments, § 443; Story's Eq. Pl. § 191; *Piatt* v. *Oliver,* 19 Fed. Cas. 563; § 5232, Rev. Codes. A final account and settlement may be set aside in equity for fraud in withholding property from the settlement. *Griffith* v. *Godley,* 113 U. S. 89, 5 Sup. Ct. Rep. 385; *Williams* v. *Herrick,* 25 Atl. Rep. 1100; *Pratt* v. *Northam,* 19 Fed. Cas. 1254; *Adair* v. *Cummin,* 48 Mich. 375; *Holden* v. *Meadows,* 31 Wis. 284; *McLachlan* v. *Staples,* 13 Wis. 448; *Pugh* v. *Hastings,* 1 Barb. Ch. 452; *Anderson* v. *Anderson,* 52 N. E. Rep. 1038; 2 Leading Cases in Eq. 208, and note; *Bruce* v. *Doolittle,* 81 Ill. 103; 1 Woerner Admin. 1132, and note; *West* v. *Waddill,* 33 Ark. 575, 584; *Clark* v. *Shelton,* 16 Ark. 475; *Penn* v. *Penn,* 39 Mo. App. 282; *Byerly* v. *Donlin,* 72 Mo. 270; *Houts* v. *Shepperd,* 79 N. W. Rep. 141; *Miller* v. *Steele,* 64 Ind. 79; *Ridenbaugh* v. *Burns,* 14 Fed. Rep. 93; *Greene* v. *Sargent,* 23 Vt. 466, 11 Am. & Eng. Enc. L. (2d Ed.) 1315, 1316.

WALLIN, C. J. In this action defendant has appealed to this court from an order of the district court overruling a demurrer to the complaint. The grounds of the demurrer, among others, are

that the complaint does not state facts sufficient to constitute a cause of action. The object of the action is to compel the defendant, as assignee, to account for a trust estate, and incidentally to such relief the plaintiffs ask that a certain order or decree of the district court, hereinafter referred to, be annulled, and vacated of record. The controlling facts alleged in the complaint may be briefly stated as follows: That the firm of L. Freeman & Co. (consisting of Louis Freeman and Julius H. Burwell), on the 27th day of September, 1893, and prior thereto, was and had been engaged in the farm machinery business at the city of Grand Forks, in this state, and on said date said firm was insolvent in the sense that it was unable to meet its liabilities as they matured; that on account of said insolvency said firm made a formal and written assignment of all its property to the defendant, in trust for the benefit of the creditors of said firm; that said assignment was made and perfected under and pursuant to the statute (Comp. Laws 1887, § 4660) regulating assignments made for the benefit of creditors; that the defendant accepted said assignment and trusteeship, and, after giving a bond as required by the statute, and in the sum of $80,000, the defendant took into his possession and control all the property so assigned to him; that the property so assigned and delivered to the defendant consisted of merchandise, book accounts, bills receivable, notes, and mortgages; that in the month of July, 1895, the defendant presented his report and final account as such assignee to the district court for Grand Forks county, whereupon such proceedings were had that said district court approved of said final account, and entered an order discharging the defendant and his bondsmen from further liability on account of said assignment and said trust property. The complaint further states that the defendant was corrupt and unfaithful in the administration of said trust, and that while acting as such assignee the defendant was guilty of divers acts of a grossly corrupt and fraudulent nature, and concerning which acts the complaint is full and explicit in setting out the details. But, in the view which this court has taken of this case, it becomes unnecessary to enlarge upon this feature of the complaint further than to state in general terms that the complaint charges that the defendant wholly failed to account for a large portion of said trust property; that he fraudulently converted a large part of the property to his own use, and especially that in the month of May, 1895, and while defendant had in his possession property belonging to the trust fund of the value of over $30,000, he falsely stated and represented to the creditors of the assignee that the property remaining in his hands consisted of certain assets of the face value of only $13,000, and that such assets were much depreciated in value, and difficult to collect, if collectible at all, and that upon said false representation of the value of the assets on hand and undistributed the creditors, upon the defendant's advice so to do (which advice was fraudu-

lently given), consented to a sale of such assets at private sale, whereupon the defendant made a pretended sale of some of the trust property at private sale, but that such sale so made was in all respects a fraudulent sale, and the defendant was the real purchaser at such fraudulent sale. It is further alleged that the defendant falsely represented to creditors that he had distributed the proceeds of the trust estate among the creditors, except an amount lawfully deducted therefrom by the defendant as and for expenses incident to the trust; that the creditors fully believed and relied upon the false and fraudulent misrepresentations of the defendant as to his administration of said trust, and, so believing, were wholly deceived and misled thereby, and on account thereof the plaintiffs and their predecessors in interest did not appear at said accounting made by the defendant in the district court, and remained away from court at said accounting; and that said court was deceived and misled by such false report and false accounting. It further appears by the complaint that the plaintiff Andy Jones, at some date not stated, purchased certain indebtedness and claims against said assignee, which were in existence when the assignment was made, and that pursuant to such purchases said claims were assigned to said Andy Jones prior to the commencement of this action. It also appears that certain other creditors of the assignee still hold claims against the assignee, which have not been assigned to said Jones, but are still owned by such creditors. This action is brought by the individual members of said insolvent firm and by Andy Jones, and also brought for the benefit of any creditor of the said assignors who may come in and contribute to the expense of the prosecution.

The facts as above set out, and which are conceded by the demurrer, will suffice to present the questions of law which, in the opinion of this court, are decisive of the case. As has been seen, the ultimate relief prayed for by the plaintiffs is to compel the defendant to account as trustee under said assignment. But it appears that the defendant has previously accounted as such trustee in said proceeding, and upon such accounting a competent court, sitting in equity, has entered its final decree discharging the defendant and his bondsmen. It is, of course, needless to say that the prior decree of discharge is, as long as it exists, an insurmountable barrier in the way of any other or further accounting in the same matter; and plaintiffs, recognizing the fact that the former decree is an obstacle in their way, have asked, as a necessary preliminary to the other relief sought, that said former decree of discharge be annulled and set aside by a decree in this action. It therefore appears that this action is brought to vacate a judgment entered in the same court upon the same subject-matter and between the same parties or their privies. The former judgment was entered in July, 1895, and this action was commenced five years thereafter. The plaintiffs neither allege nor claim that

the asignors and their creditors did not receive notice of the accounting had before the court in July, 1895; on the contrary, the complaint is drawn upon the theory that plaintiffs or their predecessors in interest were one and all regularly cited to appear at such accounting. But the plaintiffs, by proper averments of fact, do show that the accounting was false and fraudulent, and that the court was deceived and hoodwinked by the false account of the defendant, and that, if the court had not been so deceived, it would not have entered its decree discharging defendant and his bondsmen. But the greatest stress is laid by counsel for the respondents upon the fact that the complaint sets out certain facts showing that the creditors especially were deceived to their prejudice by defendant, in this: that the defendant falsely represented to the creditors, immediately prior to the date of said accounting, that the trust property had, prior to the accounting, been all disposed of by him, and that the net proceeds, less the expenses incident to the trust, had been divided pro rata among the creditors of said insolvent firm. Upon this representation it is alleged, in substance, that the creditors deemed it unnecessary and useless to attend court, and hence they remained away, and did not appear at the accounting. These facts show that the plaintiffs in this action are seeking to impeach a former decree of the district court upon the ground of fraud, and that the fraud complained of is of a twofold nature, in this: that it deceived the court which entered the judgment, and likewise so operated that it induced the plaintiffs and their privies not to appear in court at the hearing of defendant's final account. With respect to judgments procured by frauds of this character it goes without saying that the courts will, and always have, upon proper application, set aside the same. Under the old procedure judgments procured by such frauds as appear in this case could be vacated, or their enforcement enjoined, by a suit instituted in a court of equity. See *Kitzman* v. *Manufacturing Co.*, 10 N. D. 26, 84 N. W. Rep. 585. But in that case this court said: "But it is further true that under the code procedure certain statutory provisions, such as that embraced in section 5288, have afforded a remedy by motion as a means of relief against judgments which, prior to the adoption of their code, was obtainable only in courts of equity. As a result of these innovations upon the ancient procedure, it has seldom been found necessary in the code states for a suitor to enjoin the enforcement at law by means of an independent action for equitable relief." This remedy by motion is available in equity cases as well as those at law. 6 Enc. Pl. & Prac. 151. In the Kitzman Case a demurrer to the complaint was sustained upon the express ground that the remedy by motion was available to the plaintiff in that action, and we there held that an independent action would not lie where the remedy by motion is available to the suitor. We think the ruling in that case rests upon sound reason, as well as upon good authority, and hence the rule

should be adhered to in the interest of an orderly and uniform practice. See *Johnston* v. *Paul*, 23 Minn. 46; also, *Weilan* v. *Shillock*, Id. 227. It seems that in Wisconsin the relief such as is sought here can be obtained only by motion. *Stein* v. *Benedict*, 83 Wis. 603, 53 N. W. Rep. 891; *Pier*.v. *Millerd*, 63 Wis. 33, 22 N. W. Rep. 759. But in California the cases hold that, where it appears that without plaintiff's fault the remedy by motion is not available, an independent action will lie. See *Sugar Co.* v. *Porter*, 68 Cal. 369, 9 Pac. Rep. 313; *Lapham* v. *Campbell*, 61 Cal. 296.; *Baker* v. *O'Riordan*, 65 Cal. 368, 4 Pac. Rep. 232. But the rule is well settled and inflexible that, where an action is brought in a court of equity to enjoin or vacate a judgment, facts must be alleged excusing the failure to resort to all remedies available in the original action (11 Enc. Pl. & Prac. 1193); and in such cases the plaintiff must plead facts in excuse of his laches and tending to show that he has acted promptly after discovering the fraud. *Hollinger* v. *Reeme*, 138 Ind. 363, 36 N. E. Rep. 1114, 24 L. R. A. 46, 46 Am. St. Rep. 402; *Renfroe* v. *Renfroe*, 54 Mo. App. 429; *George* v. *Tuft*, 36 Mo. 141. In Iowa, under a statute which permitted a court to vacate a judgment obtained by fraud within one year after its rendition, it is held that, if the injured party was prevented by fraud from moving within the year, a court of equity would permit him to institute an action for relief after the year. See *Lumpkin* v. *Snook*, 63 Iowa, 515, 19 N. W. Rep. 333. But in such cases sufficient reasons for the delay by the party must be pleaded asking for relief in a court of equity. See *District Tp.* v. *White*, 42 Iowa, 608. The statutory remedy by motion is, however, not the only mode of assailing a judgment. In cases not embraced within the statute resort may be had to a court of equity. See *Smithson* v. *Smithson*, 37 Neb. 535, 56 N. W. Rep. 300, 40 Am. St. Rep. 504. So it has been held that equity will take juridiction to annul a void judgment, even where a motion would lie for the same purpose   Void judgments are not strictly within the statute On this point, see *Dobbins* v. *McNamara*, 113 Ind. 54, 14 N. E. Rep. 887, 3 Am. St. Rep. 626; *Heffner* v. *Gunz*, 29 Minn. 109, 12 N. W. Rep. 342; *Magin* v. *Lamb*, 43 Minn. 80, 44 N. W. Rep. 675, 19 Am. St. Rep. 216; also, *Yorke* v. *Yorke*, 3 N. D. 343, 55 N. W. Rep. 1095. But we think the case at bar squarely falls within the principle of the *Kitzman case*, supra. In that case the plaintiff brought an independent action to vacate a judgment of the district court obtained by fraud, and this court sustained a demurrer to the complaint. That case was quite similar to this with respect to the nature of the fraud charged in procuring the judgment, and also as to the very great length of time which elapsed after the entry of the fraudulent judgment and before suit was brought to vacate the same. In that case the demurrer was sustained, not because fraud in procuring the judgment was not shown, but was sustained upon the sole ground that the plaintiff omitted to set out facts explain-

ing and excusing his failure to seek his remedy by motion made in the original action. The complaint in the case at bar is obnoxious to precisely the same objection. The plaintiffs in this case have neither alleged nor attempted to allege any facts or circumstances by way of excuse for their failure to apply by motion in the assignment proceeding to vacate the judgment of discharge which they are now seeking to vacate by an independent action. The discharge of the defendant and his bondsmen was clearly in the nature of a final decree or judgment in an equitable proceeding; but, whether the same should be regarded as a judgment, or as merely an "order or other proceeding," it is alike assailable by motion in the insolvent proceeding. See Comp. Laws, § 4939. Under a familar rule of pleading it is the duty of this court to construe this complaint most strictly against the pleader, and the reason of this rule is that it is presumed that any fact favorable to the pleader, within his knowledge, will be set out in the pleading. Applying this rule, we are bound to assume for the purposes of the demurrer that the plaintiffs had knowledge of the very acts of fraud of which they now complain at a date prior to the expiration of the statutory limit of one year within which a motion to vacate the judgment could have been made. No time is stated in the complaint at which the plaintiffs, or any of them, discovered the fraud of which they are complaining, and hence we must assume for the purposes of the case on this appeal that such discovery was made in fact within a year after the judgment complained of was entered. But we must not be understood as ruling or suggesting that under no circumstances can the remedy by motion be had after the time limit fixed by the statute has elapsed. Such is not our view of the statute, and this court has distinctly held, under certain conditions, that the remedy by motion is not limited to one year after the judgment or order has been entered. See *Manufacturing Co.* v. *Holz,* 10 N. D. 16, 84 N. W. Rep. 581. In the case cited the remedy by motion in the action was sought seven years after the entry of the judgment, but within one year after notice of such entry, and it was ruled that the motion was not barred by lapse of time. It has been seen that the courts of California have been very liberal in construing the statutory remedy, and have permitted actions to be brought for the relief provided by the statute; but in all such cases the plaintiff has alleged facts in excuse of his laches in not proceeding by motion under the statute. In the case at bar, upon the facts set out, the plaintiffs had ample reason for their nonappearance before the district court when they were cited to appear at the final hearing of the defendant's account in July, 1895, and that reason would have excused their default and their nonappearance at such hearing. Their neglect was clearly excusable, and hence the case was one strictly within the statute, and in which the court could have afforded equitable remedies by motion.

Our conclusion is that the order overruling the demurrer must be

reversed, and the case remanded for further proceedings.    All the judges concurring.