T. P. WILLIAMS v. FAIRMOUNT SCHOOL DISTRICT of Richland County, North Dakota, a school corporation, and F. A. Deans, K. Currie and H. O. Hubbard, as Directors of said Fairmount School District.

(129 N. W. 1027.)

**Certiorari — Appeal and Error — Estoppel.**

　　1. The respondents herein applied to this court for a writ of certiorari in this action. Counsel in opposition to such application made certain statements

---

Note.—As to right to vacate judgment for fraud, see note in 14 Am. Dec. 636.

and admissions as to the nature and effect of an application theretofore made to the district court by respondents herein. Such statements and admissions were acceded to on the hearing by the applicants for such writ. The opinion of the court found in Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866, was predicated largely upon such statements and admissions. *Held*, that on an appeal from an order made in said action, counsel cannot be heard to question the correctness of the action of the court in relying upon the statements and admissions so made on the application for the writ of certiorari.

**Res Adjudicata — Dismissal of Appeal on Stipulation — Application for Different Relief.**

2. The dismissal, entered on stipulation of counsel, of an appeal from an order of the district court is not an adjudication precluding the appellant therein and the respondent herein from subsequently applying to the district court for an order granting other and different relief from that denied by the order formerly appealed from.

**Jurisdiction — Vacation of Judgment — Second Application — Discretion.**

3. Respondents herein made application to the district court for an order vacating a judgment entered in this case by that court. The district court at that time did not have jurisdiction of the action as it was in this court on appeal. Immediately on the return of the record to the district court from this court, the application to vacate the judgment was renewed. *Held*, that the determination of the first application did not stand in the way of a new application on the same ground made after jurisdiction had been revested in the district court and in any event that the consideration of a second application while that court had jurisdiction of the action did not, under the circumstances of this case, constitute an abuse of discretion.

**Judgment — Vacation — Time for Application — Fraud and Collusion.**

4. An application not based upon the provisions of § 6884, Rev. Codes 1905, which provides, among other things, that courts may within one year after notice thereof, relieve a party from a judgment, etc., taken against him through his mistake, inadvertence, surprise, or excusable neglect, but made upon the ground that the judgment complained of was entered upon a collusive and fraudulent stipulation of the parties, and was in law a fraud upon the voters and taxpayers of the school district against which it was taken, a judgment may be vacated after the expiration of a year, by reason of the inherent power possessed by courts of general jurisdiction to set aside collusive and fraudulent judgments.

**Judgment — Vacation — Laches.**

5. Under the facts disclosed or the record in this case, and referred to in the opinion, *held*, that the moving party was not guilty of laches in making the application for the order appealed from herein.

**Judgment — Vacation — Affidavit of Merits.**

6. An application to vacate a judgment obtained by collusion and fraud upon the voters and taxpayers of a school district made, by a party affected on proper showing, need not be accompanied by an affidavit of merits.

Opinion filed January 20, 1911.

Appeal from an order of the district court of Richland county; *Allen,* J.

Affirmed.

*Chas. E. Wolfe* and *Purcell & Divet,* for plaintiff-appellant.

*Dan R. Jones* for defendants-appellants.

Order of dismissal affirms order or judgment appealed from, and is res *judicata.* Enderlin State Bank v. Jennings, 4 N. D. 228, 59 N. W. 1058; Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 652; Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866.

Time to move for vacation of judgment is limited to one year. Rev. Codes 1905, § 6884; Sargent v. Kindred, 5 N. D. 472, 67 N. W. 826; Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; Wheeler v. Castor, 11 N. D. 347, 61 L.R.A. 746, 92 N. W. 381.

Affidavit of merits must accompany motion. Kirschner v. Kirschner, 7 N. D. 291, 75 N. W. 252; Gauthier v. Rusicka, 3 N. D. 1, 53 N. W. 80.

*W. S. Lauder,* for respondents.

One year limit to vacate a judgment only applies to grounds mentioned in statute. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937; Ladd v. Stevenson, 112 N. Y. 325, 8 Am. St. Rep. 748, 19 N. E. 842; Garr, S. & Co. v. Spaulding, 2 N. D. 414, 51 N. W. 867; 15 Enc. Pl. & Pr. p. 266.

Affidavit of merit not required when application is on the grounds of improvidence, impropriety, or fraud. Browning v. Roane, 9 Ark. 354, 50 Am. Dec. 218; Toy v. Haskell, 128 Cal. 558, 79 Am. St. Rep. 70, 61 Pac. 89; Willson v. Cleaveland, 30 Cal. 192; Messenger v. Marsh, 6 Iowa, 491; Pease v. Kootenia County, 7 Idaho, 731, 65

Pac. 432; Crescent Canal Co. v. Montgomery, 124 Cal. 134, 56 Pac. 797; Morris v. Kahn, 31 Misc. 25, 62 N. Y. Supp. 1040; 23 Cyc. Law & Proc. p. 956.

On dismissal of appeal with no directions to the lower court, the latter can make any proper order, as if there were no appeal. Dorn v. Crank, 96 Cal. 381, 31 Pac. 528; Perry v. Gunby, 42 Ga. 41; Lee v. Pindle, 12 Gill & J. 288; Ashley v. Brasil, 1 Ark. 144; Freas v. Engelbrecht, 3 Colo. 377; Monti v. Bishop, 3 Colo. 605; Helm v. Boone, 6 J. J. Marsh. 351, 22 Am. Dec. 75.

SPALDING, J. This is an appeal from an order entered on the 17th day of May, 1909, by the district court of Richland county, vacating and setting aside a judgment of that court in favor of the appellant herein, entered on the 19th day of February, 1908, and reinstating the action in which such judgment was entered on the calendar for trial in the district court of said Richland county on its merits, which order also directed that Honorable W. S. Lauder, counsel for E. W. Schouweiler, W. H. Cox, and K. Currie, be allowed to take part in the trial of said cause on behalf of his said clients, and all other citizens, electors, and taxpayers of Fairmount School District who may wish to be represented on the trial of said action, at the expense of the individuals employing said Lauder. The proceedings leading up to this are somewhat complex, and include the application to this court for a writ of certiorari on the part of the parties above named, which application was denied and the court's reasons for such denial stated in the opinion in Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866. It is unnecessary to review at length the facts, or to detail the proceedings. In that opinion we held as one of the reasons for denying the application for the writ of certiorari that the applicants still had the right to apply to the district court to vacate its judgment in favor of the appellant herein, and thereby become parties to the record. The action is between the plaintiff, a citizen and taxpayer of the Fairmount School District, and the members of the school board, and it is sought therein to enjoin the school board from issuing bonds voted at an election held on that question for the purpose of erecting a schoolhouse. The applicants or petitioners in the certiorari proceeding, the respondents on this appeal, were all electors and taxpayers of the Fairmount School District, in

Richland county, North Dakota, and their rights were affected by the judgment entered by the stipulation in the action referred to, enjoining the school officials from issuing the bonds, and building the schoolhouse after the question had been submitted and carried at an election. They sought to participate in the defense in that action, but were denied that right by the trial court, after a substitution of attorneys had been made for the district by order of court, the one first employed having declined to stipulate for judgment against the district. After the application for the writ of certiorari was denied by this court, the respondents herein, as taxpayers and citizens of such district, applied in accordance with the suggestions in the opinion referred to, to the district court for the relief granted by the order now being considered.

Before determining this appeal, we refer to certain criticisms by counsel for appellant contained in his brief, of a statement contained in the opinion cited, to the effect that that application was treated solely in the trial court as an application to intervene after judgment. It is said that this was *dictum,* unwarranted by the record, and that in fact it was an application to vacate the judgment, and because the respondents herein appealed from the order denying that application, the matter is *res judicata.* Counsel has overlooked what occurred on the argument of that application, and statements made in his brief for the purpose of defeating such application. Such statements made orally and in the brief were to the effect that the applicants, the respondents herein, had the legal right after judgment, and still have the right, to ask the judge of the trial court to vacate and set aside the judgment below, and to permit them to intervene and conduct their part of the action and enforce their legal rights in it, and that the judge of that court had never denied such right, because they had never applied for it. It was conceded by the opposing counsel that intervention could not be had after judgment. We accepted the statements of counsel for both parties, and this was among the reasons for denying the application for the writ of certiorari. We dismiss the criticisms with this explanation, and proceed without opinion on the assumption, concededly correct, that that application was treated and to be considered only as stated.

1. An appeal was taken from the denial of the application of the respondents herein to intervene after judgment. That appeal, after the determination of the certiorari proceedings, was dismissed on stipu-

lation of counsel. It is now contended by appellant that this affirmed the order appealed from, and forecloses the right of respondents to the order from which this appeal is taken, and that therefore the trial court was in error in granting the application to vacate the judgment. It is apparent from what we have said that the application for the order from which this appeal is taken is for different relief from that applied for on the former occasion, and which involved the appeal dismissed, and it is clear that whatever the effect of that dismissal may be upon the rights of the parties as to the order then appealed from, it has no effect upon the order from which this appeal is taken, made upon an application asking substantially different relief.

2. A short time prior to the making of the application which resulted in the order from which this appeal is prosecuted, and after the determination of the application for the writ of certiorari, these respondents made an application to vacate the judgment referred to on grounds substantially the same as those set forth in their later application for the order from which this appeal is taken. That application was heard and denied, the appellant appearing and objecting to the granting of it, on the ground that the court had no jurisdiction, the records and papers in the case being then in this court in the certiorari proceeding. It is clear that the district court had not acquired jurisdiction for the reasons stated. It is equally clear that having no jurisdiction to grant the application to vacate the judgment by reason of the case being in this court, the determination of that application did not stand in the way of a new application on the same grounds, made after that court had resumed jurisdiction of the case. Even if it had obtained jurisdiction on the former application, it was largely in the discretion of the trial court whether to consider a subsequent application or not, as has been held by this court, and under the circumstances we see no abuse of discretion. Clopton v. Clopton, 10 N. D. 569, 88 Am. St. Rep. 749, 88 N. W. 562; Plano Mfg. Co. v. Doyle, 17 N. D. 386, 17 L.R.A.(N.S.) 606, 116 N. W. 529.

3. Appellant insists that the application for the order appealed from could not be entertained, because made more than one year after the entry of the judgment in question. He rests his contention upon the provisions of § 6884, Rev. Codes 1905, providing *inter alia* that the court may at any time within one year after notice thereof, relieve a party

from a judgment, order, or other proceeding, taken against him through his mistake, inadvertence, surprise, or excusable neglect, and may supply an omission in any proceeding; and authorities construing that provision. This section of the statute has no application to the case at bar. The application to vacate the judgment was not made nor granted upon any of the grounds stated in that section. We held in Schouweiler v. Allen, 17 N. D. 510, 117 N. W. 866, that although the stipulation for the entry of judgment made in such case by the school board might have been made with the best of intentions, it was a legal fraud on the voters and taxpayers, the patrons of the school and the court, and that the stipulation was collusive, illegal, and void. It follows that the judgment entered upon such stipulation was fraudulent in law. Courts possess the inherent power to vacate and set aside collusive and fraudulent judgments, notwithstanding more than one year has elapsed after their entry. 23 Cyc. Law & Proc. p. 907; Whittaker v. Warren, 14 S. D. 611, 86 N. W. 638; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Yorke v. Yorke, 3 N. D. 343, 55 N. W. 1095; Balch v. Beach, 119 Wis. 77, 95 N. W. 132, is an interesting case involving several questions analogous to some in the case at bar.

4. Appellant's next point is that the moving parties were guilty of laches, and therefore could not be heard on the application to vacate the judgment. This contention has no merit. The certiorari proceeding was decided October 8th, 1908, and the record had not reached the district court on the 5th day of February, 1909, the date of the application, and probably not on the 12th day of March, 1909, when the order denying the application to vacate the judgment for want of jurisdiction was entered. It appears that the respondent proceeded immediately upon the record being returned to the trial court, as the order now under consideration was noticed on the 12th day of April, 1909, and entered May 17th, 1909.

5. It is finally contended that the order appealed from should not have been granted, for the reason that the application upon which it was entered was not accompanied by an affidavit of merits. An application to vacate a judgment because obtained by collusion or fraud need not be accompanied by an affidavit of merits. 23 Cyc. Law & Proc. p. 956; Crescent Canal Co. v. Montgomery, 124 Cal. 134, 56 Pac. 797. And in some jurisdictions it is held that applications to vacate judgments for

material irregularities, where the ground of objection is clearly well founded, need not be accompanied by an affidavit of merits. 15 Enc. Pl. & Pr. p. 278. It has been so held by this court. Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937.

We reach this conclusion without considering or passing upon the contention of the respondent that in any event he was relieved from serving such affidavit, because the record before the court contained all, and more than sufficient to constitute a proper affidavit of merits.

We find no error in the record, and the order appealed from is affirmed.

All concur, except MORGAN, Ch. J., not participating.