[File No. 6611]

J. N. ELLISON and Otto Ellison, Appellants, v. L. R. BAIRD, as Receiver of the Scandinavian American Bank of Minot, North Dakota, Respondent.

(293 N. W. 793.)

Opinion filed July 20, 1940.

C. D. Aaker, for appellants.
Geo. A. McGee, for respondent.

CHRISTIANSON, J. This is an action to cancel and set aside a personal money judgment for $522.07 rendered by the district court of Burleigh county in this State, in favor of the defendant and against the plaintiffs. The defendant demurred to the complaint on the ground, among others, that it does not state facts sufficient to constitute a cause of action, in this, that the plaintiffs have a complete and adequate remedy by motion to vacate the judgment. The demurrer was sustained, and the plaintiffs have appealed.

The complaint alleges, in substance, that on November 29, 1924, the Scandinavian American Bank of Minot, a banking corporation organized under the laws of this State, was duly adjudged insolvent by the district court of Burleigh county, and that the said defendant, Baird, was duly appointed receiver of said bank, and ever since has been, and now is, such receiver; that at the time said bank was so adjudged to be insolvent, each of the plaintiffs was the owner of four shares of the capital stock of said bank, and that thereafter and during the year 1925 both plaintiffs paid in full the assessments levied against them as such stockholders,—such assessments having been made pursuant to an order entered by the court in which the said action to liquidate said bank and the receivership proceeding ancillary thereto were pending; that notwithstanding said payment by said plaintiffs, the defendant on or about March 23, 1926, commenced an action in the district court of Burleigh county against the stockholders of said bank of record for their added stockholders' liability, and included the plaintiffs among the defendants in such action; "that the summons and com-

plaint in said action was never served upon the plaintiffs herein," and that they "had no knowledge that any judgment was entered against them by reason of said alleged service of the summons and complaint until years afterwards." "That as a result of said alleged service there was entered in the district court of Burleigh county, North Dakota, on or about the 20th day of November, 1928, a judgment in favor of the defendant herein and against each of the plaintiffs herein in the sum" of $509.67 for principal and interest, together with costs in the sum of $13; that said judgment was so entered regardless of the fact that the liability sued upon had been fully paid by each of the plaintiffs herein and the defendant was well aware of the fact that said plaintiffs had paid their assessments.

The order appealed from must be affirmed. According to the allegations of the complaint, there was no service of summons upon either of the defendants, and consequently the court had no jurisdiction over the persons of the defendants. It is well settled that a personal money judgment rendered without service of process upon the defendant is invalid (Darling & Co. v. Burchard, 69 N. D. 212, 284 N. W. 856), that the court which has rendered such judgment has an inherent power to set it aside on motion, and that the provisions of § 7483, Comp. Laws 1913, limiting the time within which a party may apply for the vacation of a judgment that has been taken against him "through his mistake, inadvertence, surprise or excusable neglect" has no application to a motion to vacate such judgment. Freeman v. Wood, 11 N. D. 1, 88 N.W. 721; Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027; Rykowsky v. Bentz, 45 N. D. 499, 178 N. W. 284; 34 C. J. pp. 256, 257; Skjelbred v. Shafer, 15 N. D. 539, 108 N. W. 487, 125 Am. St. Rep. 614; Martinson v. Marzolf, 14 N. D. 301, 103 N. W. 937. The plaintiffs therefore have an adequate remedy at law by motion to vacate the judgment, and the complaint does not state facts sufficient to constitute a cause of action. Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721, supra; 34 C. J. pp. 434, 435. See also Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581.

The order appealed from is affirmed.

NUESSLE, Ch. J., and BURR, MORRIS, and BURKE, JJ., concur.