[File No. 6713.]

J. S. LAMB, in His Official Capacity of State Highway Commissioner of the State of North Dakota, Respondent, v. ELMER KING and Mrs. Anna King, Appellants.

(296 N. W. 185.)

Opinion filed January 27, 1941.

*Murray & Murray,* for appellants.

*Charles A. Verret,* for respondent.

Burr, Ch. J. This is an action brought in the district court of Stark county by "J. S. Lamb, in his official capacity as State Highway Commissioner of the state of North Dakota" to set aside the judgment entered in the same court on May 3, 1939, in an action wherein Elmer King and Mrs. Anna King, the defendants herein, were plaintiffs, and Stark county, a municipal corporation, the state of North Dakota, and

the State Highway Commission and Commissioner were defendants, the State Highway Commissioner at the time the judgment was entered being Mr. P. H. McGurren.

To understand the nature of the judgment sought to be vacated, and the principles which underlie this method used, it is necessary to state certain more or less decisive facts.

In June, 1936, defendants herein, as plaintiffs, commenced an action in the district court of Stark county against Stark county, the state of North Dakota, the State Highway Commission, and the State Highway Commissioner to recover damages alleged to have accrued to their land because of the construction of a state highway.

At the trial in December, 1937, Mr. W. J. Austin appeared as attorney for the state of North Dakota, and for the State Highway Commission and Commissioner. A motion to dismiss as against Stark county was granted. The case was submitted to a jury, and a verdict was returned against the remaining defendants for $300. The plaintiffs moved for a new trial on several grounds, including that the damages awarded were greatly inadequate, and were based upon passion and prejudice. The motion was heard by Hon. H. L. Berry, the presiding judge, and on February 8, 1938, he made an order granting a new trial.

In November, 1938, the parties stipulated that the case would be tried before the Hon. Harvey J. Miller, without a jury.

On January 7, 1939, the parties entered into a stipulation in writing, signed by Messrs. Jacobsen and Murray, for and on behalf of their clients, Elmer King and Mrs. Anna King, by Mr. P. H. McGurren in person, and by Mr. Austin as the counsel for the state and for the Highway Commission, by the terms of which the parties compromised and adjusted the damages as shown by these paragraphs:

"Whereas, the above-entitled action as against the defendants, the state of North Dakota and the State Highway Commission and Commissioner, in and for the state of North Dakota, is hereby compromised and adjusted in the sum of $4,500,

"Now, therefore, it is hereby stipulated that judgment be and the same is hereby entered in favor of the plaintiffs and against the defendants, the state of North Dakota and the State Highway Commis-

sion and Commissioner, in and for the state of North Dakota, for the sum of $4,500, and that the same be docketed for said sum."

On May 3, 1939, this stipulation was presented to the Hon. Harvey J. Miller, judge of the district court, and judgment thereon was entered.

On or about January 17, 1939, Mr. McGurren resigned as State Highway Commissioner, and was succeeded by Mr. J. S. Lamb.

In August, 1939, Elmer King and Mrs. Anna King applied to the district court of Burleigh county for a writ of mandamus directed to the state auditor and to the state treasurer, requiring the state auditor to draw a warrant on the state treasurer for the amount of this judgment, and the state treasurer to pay the said warrant, or to show cause why said warrant should not be paid.

The auditor and treasurer made a return on the day set, and on the hearing the district court issued the writ, holding and determining, among other things, that the judgment obtained by plaintiffs King against the state, etc., was a valid judgment and should be paid by the state out of an appropriation made by the legislature at its session in 1937 for the State Highway Department, "particularly appropriation made under chapter 34, Laws of 1937; and particularly appropriation made by the legislature for the State Highway Department in the year 1939, same being chapter 45, Laws of 1939," which writ of mandamus was issued in September, 1939.

In September, 1939, this action at bar was commenced, the summons and complaint being served upon the defendant Elmer King on September 20, 1939. The state of North Dakota is not a party to this action.

The complaint charges that all of the proceedings up to the entry of the judgment sought to be vacated were had "during a former administration of the State Highway Department, and that an investigation . . . was not commenced until after the present state administration took over the State Highway Department" in January, 1939; and "that the said investigation is yet in progress and may lead to the discovery of further collusion and fraud in connection with said proceedings and action," though no allegation of fraud and collusion was made in the complaint prior to this allegation.

The complaint further alleges that if the judgment be permitted to remain in force and effect, "the State Highway Department and the

state of North Dakota will be irreparably damaged;" that the order vacating and setting aside the verdict as made by the Hon. H. L. Berry and the subsequent order for judgment as made by the Hon. Harvey J. Miller "were so obtained by and through . . . collusion, fraud and fraudulent representations," setting forth some data.

The answer denies all fraud and collusion, alleges that all questions of fact pertinent to this issue, including the adequacy of the amount of damages stipulated, have already been tried and determined by the district court in the mandamus proceedings hereinbefore mentioned, alleging that there is a defect of parties plaintiff in that the state of North Dakota is not a party to the action and that the State Highway Department is but a department of the state of North Dakota; that a compromise was fairly and honestly reached, which resulted in the entry of judgment for $4,500.

On the trial of the case at bar, the trial court held that the stipulation upon which the judgment was based "was unauthorized and not binding on the state of North Dakota, or the State Highway Commission or Commissioner of said state, and that the judgment entered thereon is null and void."

The court further held that "the said stipulation upon which the said judgment is based constituted constructive if not actual fraud upon the state of North Dakota and its Department of State Highways and upon the court to which the said stipulation was presented for entry of judgment, and is void and can form no basis for the judgment entered upon it."

The court, therefore, ordered judgment to be entered, vacating the judgment obtained by the Kings against the state of North Dakota, etc. From this judgment defendants King appeal.

The argument of appellants sets forth four main points:

First: The judgment debtor is the state of North Dakota and the plaintiff herein has no authority to appear for or champion the rights of the state.

Second: The plaintiff's remedy, if any, was by motion in the court which entered the judgment, and not by the commencement of an action to cancel this judgment.

Third: The Highway Commissioner had authority to compromise

and settle any claims for damaging of property for the construction of highways.

Fourth: There was no fraud, actual or constructive, shown.

This court has held heretofore that a judgment obtained by fraud practiced on the court is not validated by lapse of the time prescribed by statute for surprise or excusable neglect. Williams v. Fairmount School Dist. 21 N. D. 198, 204, 129 N. W. 1027. District Courts have the inherent power to vacate fraudulent judgments. Rykowsky v. Bentz, 45 N. D. 499, 178 N. W. 284.

Time and again this court has laid down the rule that a judgment rendered by a court of general jurisdiction, having jurisdiction of the subject matter and the parties, imports absolute verity and cannot be subject to a collateral attack. See McGinnity v. Dowd, 47 N. D. 554, 558, 182 N. W. 938, 939; Olson v. Donnelly, ante, 370, 294 N. W. 666.

The whole matter is thoroughly discussed in Tuttle v. Tuttle, 48 N. D. 10, 181 N. W. 898. We show therein that so long as such a judgment stands, it imports absolute verity, and that it cannot be attacked collaterally by any of the parties thereto, or those in privity with them.

It is well settled in this jurisdiction that a party to an action, who claims that judgment was rendered against him by fraud and deceit, has his remedy by motion in the action where the judgment was rendered. See Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Ellison v. Baird, ante, 226, 293 N. W. 793.

In Baird v. Ellison, ante, 261, 293 N. W. 794, 795, we show that where the district court rendered judgment in a case which on its face showed service upon the defendant, whereas the return and showing of service was in fact fraudulent, the remedy of the judgment debtor is by motion to vacate the judgment; that a "motion in the original action is an appropriate remedy for the vacation of a judgment when there was no service of process upon, or an appearance by, the defendant." To the same effect is Phelps v. McCollam, 10 N. D. 536, 539, 88 N. W. 292.

The case at bar is predicated upon the theory that the judgment entered was obtained by misrepresentation, fraud, and collusion. The complaint itself shows that the court which rendered the judgment had

jurisdiction of the parties and of the subject matter, and that the judgment was regularly entered. This being so, it is not subject to attack in a separate, independent action brought for the purpose of vacating it.

We determine this case upon the broad ground that the remedy sought by the plaintiff is not available herein. Such holding is decisive, so far as this action is concerned. We are not passing upon the question of whether the alleged fraud and collusion are sufficiently set forth, or whether the plaintiff has a right to champion the cause of the state, or whether there is any proof of fraud and deceit. These questions are not considered. The judgment is reversed, and the action dismissed.

CHRISTIANSON, MORRIS, NUESSLE, and BURKE, JJ., concur.