[File No. 6737.]

J. L. SMITH, Appellant, v. RAE SMITH, Respondent.

(299 NW 693)

Opinion filed June 28, 1941.

*E. R. Sinkler* and *G. O. Brekke,* for appellant.

*B. H. Bradford,* for respondent.

MORRIS, J.  On May 20, 1936, the plaintiff was granted an absolute divorce from the defendant.  The divorce decree adopted, approved, and made a part of the judgment, a written stipulation made by and between the parties dividing the property and providing for the payment by the plaintiff to the defendant of the sum of four thousand dollars ($4,000) in certain stipulated installments.  The instrument incorporated into the judgment recited that "the above stipulation is made as a full and complete property settlement between the parties hereto, and that the court, in case a divorce is granted, may take cognizance of said stipulation."

On August 23, 1940, the defendant presented to the district court of Ward county, being the court in which the judgment was entered, a petition praying that the decree be opened up in so far as the property settlement is concerned, that the contract of settlement incorporated in the decree be set aside and annulled and that the defendant be awarded a just and equitable share of the property according to its value as of May 6, 1936.  That date was the date of the trial resulting in the entry of the decree.

Upon presentation of the petition, Hon. John C. Lowe, a judge of the district court aforesaid, issued an order to the plaintiff to show cause why the petition of the defendant should not be granted.  The order to show cause was heard before Hon. G. Grimson at which time the plaintiff resisted the application by affidavits duly presented to the court controverting the material parts of the application.  In his memorandum opinion, the court says that he has "come to the conclusion to grant this application, as far as having a hearing on it is concerned." The court thereupon entered an order overruling the plaintiff's objections to hearing the petition and directing that the issues framed by the petition and the affidavits in reply thereto be set for hearing "at which hearing the parties may present evidence in support of the Petition and Return aforesaid."  The matter now comes to us upon appeal by the plaintiff from this order.

The defendant moves in this court for a dismissal of the appeal upon the ground that Judge Grimson's order setting the matter for hearing

is not appealable. It is claimed that the order is not appealable for two reasons: First, that it is interlocutory in its nature; second, that it does not come within the list of appealable orders set forth in § 7841, N. D. Comp. Laws 1913. In support of the first proposition, the defendant cites Ostlund v. Ecklund, 42 ND 83, 171 NW 857. Upon this point the plaintiff argues that the order in question, in effect and in fact, is an order granting a new trial which is specifically made appealable by ¶ 3 of § 7841, Comp. Laws.

If the effect of the order is to grant a new trial, as the plaintiff contends, it is appealable under the provisions of the statute. We do not so construe the order. We will assume in the absence of a showing to the contrary that the court intended to follow the regular and orderly course of procedure applicable to the situation presented by the petition and the opposing affidavits. The petition seeks to have the judgment opened up and to have a re-examination of those matters pertaining to the property settlement as of the date on which the original trial was had. The plaintiff resists this move on the part of the defendant. The first issue to be determined by the trial court is whether the judgment should stand unmolested or whether it should be opened up for the taking of further testimony and for further consideration by the court on matters pertaining to the division of property. The order does not open up the judgment. It merely sets for hearing the question of whether the judgment shall be opened up. It is, therefore, a preliminary order that does not grant a new trial.

The second ground urged in support of the motion to dismiss the appeal is that the order appealed from does not come within those designated as appealable by § 7841, Comp. Laws. We have already disposed of the contention that it grants a new trial. The plaintiff also contends that the order involves the merits of the action or some part thereof and, therefore, is appealable under the provisions of ¶ 4 of § 7841. We do not agree with the plaintiff's contention on this point. The order is wholly preliminary. It is not final as to any merits of the case nor does it open up, vacate or set aside the judgment or any part thereof. The plaintiff's petition is in effect, an application to open up the judgment on the ground that certain acts of the plaintiff and certain conditions beyond her control prevented her from present-

ing to the court the full merits of her case. She would have the judgment opened up because she claims that justice was denied her through the fraud, deceit and duress of the plaintiff.

A motion to open or vacate a judgment is addressed to the sound, legal discretion of the trial court. Though presented in the form of a motion or application, it is an appeal to the equitable powers of the court and is to be disposed of upon equitable principles. Guenther v. Funk, 67 ND 543, 274 NW 839, 112 ALR 428. This is especially true when the application is made upon the ground of fraud or duress. Freeman, Judgments, 5th ed. §§ 233 and 234; 31 Am Jur 279, Judgments.

In this state, it is now well settled that where a party seeks relief from a judgment obtained by deceit or fraud, it is proper to present an application or motion in the original action. Kitzman v. Minnesota Thresher Mfg. Co. 10 ND 26, 84 NW 585; Freeman v. Wood, 11 ND 1, 88 NW 721; Olson v. Donnelly, 70 ND 370, 294 NW 666. See also Ellison v. Baird, 70 ND 226, 293 NW 793; Baird v. Ellison, 70 ND 261, 293 NW 794; Steel v. St. Louis Smelting & Ref. Co. 106 US 447, 27 L ed 226, 1 S Ct 389; Freeman, Judgments, 5th ed. § 232. The plaintiff's petition presents such an application. The court's order directing and providing for a hearing on the application and the opposing affidavits is preliminary and does not involve "the merits of an action or some part thereof." Whether the court may open up a judgment or decree only in part while permitting the rest to stand is not presented upon this appeal.

It is also argued that the settlement entered into by the parties in the form of a contract and incorporated into the decree did not involve alimony but constituted a complete and final settlement of all property rights between the parties and hence, did not come within the provision of § 4405, N. D. Comp. Laws 1913. This section reads as follows: "When divorce is granted, the court shall make such equitable distribution of the property of the parties thereto as may seem just and proper and may compel either of such parties to provide for the maintenance of the children of the marriage, and make such suitable allowances to the other party for support during life or for a shorter period as to the court may seem just, having regard to the circum-

stances of the parties respectively; and the court may from time to time modify its orders in these respects."

As we construe the defendant's petition she does not seek relief under this section. She does not contend that the decree should be modified because of changed circumstances of the parties or events transpiring subsequent to the entry of the decree, she asks that the judgment be opened up and that she be awarded a just and equitable share of the property of the parties according to its value as of the date of the original trial. Section 4405 does not authorize the granting of such relief. Graves v. Graves, 132 Iowa 199, 109 NW 707, 10 LRA(NS) 216, 10 Ann Cas 1104; Levine v. Levine, 95 Or 94, 187 P 609; 17 Am Jur 486, Divorce and Separation.

The order appealed from is a preliminary order. It is not final as to any of the merits of the case. It does not grant a new trial. It is, therefore, not appealable. The motion to dismiss the appeal is granted.

BURR, Ch. J., and CHRISTIANSON, NUESSLE, and BURKE, JJ., concur.