## MARCUS L. SHEPPERD, *Petitioner, v.* THE DISTRICT COURT OF THE SECOND JUDICIAL DISTRICT, *Respondent.*

SEC. 445 OF THE PRACTICE ACT.—Section 445 of the Practice Act, which provides that the writ of Mandamus may be issued by *any* Court of this Territory, except a Justice of the Peace, is in conflict with the Poland Bill, and is wholly inoperative and void.

STATUTES CONSTRUED.—The provisions of the various Acts of Congress regulating the jurisdiction of Courts in Utah commented on and construed.

ORIGINAL JURISDICTION OF THE SUPREME COURT.—The Supreme Court has no original jurisdiction to issue writs of Mandamus, except to enable it to exercise its appellate jurisdiction. Godbe *v.* Salt Lake City, Ante 68.

ID—The Supreme Court of Utah is one of appellate and not original jurisdiction.

Original application for a writ of mandamus made to the Supreme Court.

The facts are stated in the Opinion.

*J. G. Sutherland*, for the Petitioner.

*Presley Denny*, for Respondent.

SCHAEFFER, C, J., delivered the Opinion of the Court.

A petition was presented to this Court at its January term, 1876, by the relator for a writ of mandamus to compel the District Court of the Second Judicial District in this Territory to vacate an order made and to proceed in the trial of a certain cause pending in said Court. An alternative writ was awarded, and at this term this cause came up on a motion for a rehearing, which motion is allowed; and the main question presented to us is, "'Has this Court jurisdiction in an original application for a writ of mandamus?"

In America, the authority to issue a writ of mandamus does not exist as a prerogative power of the Courts, but is derived by grant from the Government through constitutional or legislative enactments.

In section 1907 of the Revised Statutes of the United States, it is provided that "The judicial power in Utah shall be vested in a Supreme Court, District Courts, Probate Court and the Justice of the Peace."

In section 1866 of the same it is provided that "The jurisdiction, both appellate and original, of the Courts provided for in 1907, shall be limited by law." Section 1869 of the same says : "Writs of error, bills of exception and appeals shall be allowed, in all cases from the final decisions of the District Courts to the Supreme Court of all the Territories, respectively, under such regulations as may be provided by law; but in no case removed to the Supreme Court shall trial by jury be allowed in that Court."

In the third section of an act entitled "An act in relation to Courts and judicial officers in the Territory of

Utah," approved June 23d, 1874, it is provided that "The District Courts shall have *exclusive* original jurisdiction in all suits or proceedings in chancery, and in all actions at law in which the sum or value of the thing in controversy shall be three hundred dollars or upwards."

Regarding the acts of Congress as the supreme law of this Territory, having a controlling power similar to, if not coextensive with the Constitution of any particular State over their respective Legislatures and judicial departments, we are forced to the conclusion that, in so far as section 445 of our Practice Act, which provides that the writ of mandamus may be issued by *any* Court of this Territory, except a justice of the peace, is in conflict with the acts of Congress above referred to, it is wholly inoperative and void.

We think, however, that the Territorial Legislature did not intend to confer original jurisdiction upon this Court to issue such writs; but that it simply intended to authorize this Court to issue the writ when it was necessary, to enable it to exercise its appellate jurisdiction; and with this construction, we think there is no conflict between these several acts. It is a well established rule that the appellate jurisdiction may be exercised in a variety of forms, and that if it is the will of the Legislature that a writ of mandamus should be issued for that purpose, that will and must be obeyed, but the jurisdiction must be appellate, and not original. And it is an essential criterion of an appellate jurisdiction, that it revises and corrects the proceedings in a cause already instituted, and does not create that cause.

By the phrase, "shall be limited by law," we understand Congress to mean that the jurisdiction of the several Courts provided for shall be designated or specified by law, and not that such Courts shall have general jurisdiction when the same is restricted or confined by law. And the section which provides that writs of error, bills of exceptions and appeals shall be allowed from the final decisions of the District Courts to this Court makes this an appellate Court, but confers no

original jurisdiction upon it.    And if there were any doubt upon this point, it is dissipated by the act of Congress which provides that " The District Courts shall have exclusive original jurisdiction in all suits and proceedings in chancery ; and in all actions at law in which the sum or value of the thing in controversy shall be three hundred dollars or upwards."

The same act of Congress confers and defines the jurisdiction of Probate Courts and Jutices of the Peace ; but it does not confer original jurisdiction upon this Court, nor have we been referred to or discovered any section of any act of Congress conferring any except appellate jurisdiction upon this Court in cases of this character.

We are therefore clearly of the opinion that this Court has no authority to grant the writ prayed for and without passing upon the other points raised, the writ prayed for, must be denied and the petition herein dismissed.

EMERSON, J., concurred.