WILLIAM BAILEY, Appellant, *v.* SIDNEY STEVENS AND OTHERS, Respondents.

1. CHANCERY POWERS OF DISTRICT COURT.—INJUNCTION AGAINST EXECUTION.—DESTRUCTION OF RECORDS.—APPEAL.—LACHES.— A judicial district court of the territory of Utah has chancery power to enjoin the issuing of an execution on a judgment and to grant a new trial on the ground that the records of the cause in which the judgment was rendered have been destroyed by fire, so that an appeal is rendered impossible; but it will deny this relief where the destruction of the papers is in part due to plaintiff's delay for nearly two years in perfecting an appeal where there is nothing to show that any material errors were committed, and it is probable that owing to the destruction of the records, documentary evidence material to the determination of the issues has been lost.

2. EQUITY DISCOUNTENANCES NEGLECT AND LACHES.—UNREASONABLE DELAY.—POWERS OF A COURT OF CHANCERY.—Where a party postpones doing a thing because he has further time, he will not be heard to complain, if, in the meantime, something happens by which he is deprived of rights to which he would otherwise have been entitled, especially when the granting of relief might work an injustice upon another party not at fault. Conscience, reasonable diligence and good faith, and not neglect and laches, call forth the powers of a court of equity.

3. DESTRUCTION OF RECORDS PENDING APPEAL.—ERROR AFFECTING SUBSTANTIAL RIGHTS.—Where a record has been destroyed

pending an appeal, by accident and without the fault of the party seeking relief, before a court of equity will grant a new trial and enjoin the execution on the judgment at law, it must not only appear that the party may have been deprived of his rights, but also that error was committed in the trial by the court at law in material matters affecting the substantial rights of the party seeking relief.

(No. 527.   Decided March 16, 1895.   39 P. R. 828.)

APPEAL from the District Court of the Fourth Judicial District.   Hon. James A. Miner, *Judge.*

Action by William Bailey against Sidney Stevens and others to enjoin an execution on a judgment at law and for a new trial. From an order and judgment sustaining the demurrer and dismissing the complaint plaintiff appeals. *Affirmed.*

*Messrs. Lessenger & Beckwith,* for appellant.

The district court possesses chancery as well as common law jurisdiction. Organic Act, 1 Comp. Laws 1888, p. 44; 1 Utah, 340. A court of chancery has jurisdiction and power to grant relief upon the merits by a new suit where after final decree and appeal to the supreme court, all the papers were destroyed, so that no transcript could be filed and the original papers could not be supplied. See *Sproles* v. *Powell,* 10 Heisk. (Tenn.), 693; *Hale* v. *Hord,* 11 Heisk. (Tenn.), 232; 13 Fla. 327 and 574; 6 Fla. 12; 4 Gill, (Ill.), 570; Am. & Eng. Ency. of Law, Vol. 13, p. 1156–1159, and cases there cited. The demurrer admits the facts as pleaded to be true. *First.* The loss of the record. *Second.* The proper steps taken to perfect the appeal. *Third.* That numerous errors, and especially those set out in the complaint, were committed by the trial court. *Fourth.* That the evidence as set out in the complaint, uncontradicted, was given.

*Messrs. Breeden & Gunnell,* for respondents.

BARTCH, J.:

This action was brought in the district court of the Fourth Judicial District, to restrain the issuing of execution on a judgment rendered in a cause between the same parties in favor of Anson Thornton, one of the defendants herein, and to obtain a new trial on the ground that the records in said cause in which judgment was rendered, as aforesaid, were destroyed by fire, and that, therefore, an appeal to the supreme court, to correct certain errors claimed to have occurred on the trial of the original cause, was rendered impossible. The defendants Stevens and Thornton demurred separately to the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The court sustained the demurrers, dismissed the action as to said defendants, and entered judgment in their favor. From this judgment the plaintiff prosecuted his appeal.

The first point argued by counsel for the appellant is whether the district court, by virtue of its chancery jurisdiction, can grant the relief prayed for. We think counsel are correct in their views on this point. The district court, sitting as a court of chancery, has power to grant relief in a proper case of this character. This is an ancient jurisdiction of a court of chancery, and there is nothing in our statutes which abrogates such jurisdiction. The fact that such a court has both common-law and chancery jurisdiction in no way changes or obliterates its equitable jurisdiction in the absence of express legislative restriction. Such equitable relief will not be granted, however, except in a meritorious case, and that a case is meritorious must be shown by the bill itself. *Sproles* v. *Powell*, 10 Heisk.

693; *Hale* v. *Hord,* 11 Heisk. 232; *Shepperd* v. *District Court,* 1 Utah, 340.

The main question, therefore, is whether the record in this case presents a state of facts which entitles the plaintiff to the equitable relief sought. The record shows substantially that the plaintiff commenced an action against the defendants on the 26th day of February, 1891, to compel defendant Stevens to convey to him certain land, and to have the claim of defendant Thornton thereto declared void; that in proper time Thornton filed an answer denying the allegations of the complaint, and, by way of cross complaint, set up his possession to said land as commencing in September, 1884, and alleged that he paid for the same; that he had a right to a conveyance from plaintiff, defendant Stevens, and from one Montgomery; that Stevens was ready and willing to so convey; that Montgomery was attempting to acquire interests in said lands, and was in collusion with plaintiff, and, because of selfish and corrupt motives, refused to convey to him, Thornton; that on March 27, 1891, plaintiff filed his answer to the cross complaint; that on April 12, 1891, said Montgomery was made a party defendant by order of the court; that the cause was tried on April 4, and the decision of the court rendered in favor of Thornton on April 28, 1891; that on March 7, 1892, the plaintiff filed a motion for a new trial, which motion was heard and overruled by the court on December 20, 1892; that the plaintiff appealed from the decree entered in favor of Thornton, and from the order overruling the motion for a new trial; that, after all the papers on appeal had been prepared, they were on March 14, 1893, while in the office of plaintiff's attorneys, entirely destroyed by fire; that the destruction of said papers was caused by the burning of the building in which they were kept; that the papers thus destroyed included

the exhibits and transcript of the reporter's notes of the testimony adduced at the trial; that there are no copies of said papers; and that the plaintiff is unable to secure any copies of the exhibits, or of any of the papers or transcript of the testimony, except the copies attached to the complaint herein. The record then presents certain facts which the plaintiff claims were admitted or established on the trial, and in view of which facts he claims the court erroneously held that Thornton was entitled to an absolute conveyance of the property from Stevens and Montgomery, as agents or trustees. It fails to show, however, any specific error committed by the court which would be of avail on appeal. Nor does the record show what the evidence was which established the alleged facts in view of which, it is claimed, the court erred. Nor does it appear therefrom that the plaintiff, in case a new trial were granted, could obtain better proof. Nor is it apparent that, if the cause were again tried, the parties could furnish substantially the same kind of testimony as at the former trial. On the contrary, it is clearly shown that the documentary evidence was destroyed by fire, and cannot be reproduced. In the absence of any showing to the contrary in the record, it must be presumed that the evidence so lost was material to the determination of issues in the case, and that without it a trial substantially like the former one is impossible. It is evident that such a state of things would be prejudicial to the rights of the defendants in case another trial were now ordered, for it clearly appears that the same evidence cannot again be produced, and therefore the parties cannot be put in substantially the same position in which they were when the first trial was commenced.

While the plaintiff may not be directly responsible for this state of affairs, yet it seems clear that he is indirectly responsible, because of his laches in prosecuting his appeal.

It is shown by the record that it was nearly a year from the date on which the decision of the court was rendered to the date on which notice of motion for a new trial was given, and then a further period of nine months elapsed before the motion for a new trial was heard and overruled, and after that it was more than two months before the fire occurred which destroyed the papers. It will thus be seen that it was nearly two years from the date of the rendition of the judgment to the date of the fire. While the destruction of the papers was caused by inevitable accident which the plaintiff could not foresee, still there is nothing whatever in the record to indicate that it required such a great length of time to perfect an appeal; and the conclusion is irresistible that, if he had used due diligence, his transcript and papers on appeal would have reached their destination long before the happening of the accident.

Where, as appears in the case at bar, a party postpones the doing of a thing because there is further time in which to do it, he will not be heard to complain if, while he so delays, something happens by which he is deprived of rights to which he would otherwise have been entitled, and when the granting of relief might work an injustice upon another party, not at fault. Equity does not encourage unreasonable delay to do a thing or to enforce a remedy at the proper time. Neglect and laches are always discountenanced. Nothing can call forth the power of a court of equity but conscience, reasonable diligence and good faith; and, before it will grant relief in a case like the one at bar, it must not only be satisfied that a loss or accident has actually occurred, which may possibly have deprived a party of his rights, and that such party was not at fault, but it must also sufficiently appear to the chancellor that error was committed in the trial by the court at law, in material matters, affecting

the substantial rights of the party seeking relief. Otherwise to grant an adversary another trial would be unjust in the highest degree to the prevailing party in the court at law. *Piatt* v. *Vattier,* 9 Pet. 405; *Frink* v. *McClung,* 4 Gilman, 570.

We are of the opinion that the record in this case does not present a case which entitles the plaintiff to a new trial, and that the demurrer to the complaint was properly sustained. The judgment is affirmed.

MERRITT, C. J., and KING, J., concur.