JOHN T. RITCHEY ET AL., APPELLANTS, V. AFFA C. SEELEY, EXECUTRIX, APPELLEE.

FILED JANUARY 18, 1905. No. 13,938.

1. **Proceeding in Error: EXECUTRIX.** A proceeding in error may be prosecuted in this court against the personal representative of a deceased party, whether plaintiff or defendant to the judgment attacked.

2. **New Trial.** Sections 602 *et seq.* of the code are inapplicable to a proceeding to obtain a new trial in the court in which a judgment was rendered, on the ground that by unavoidable casualty and misfortune the complainant has been deprived of his constitutional right of review in this court.

3. **Showing.** In such an action as is above mentioned, it is not requisite to show conclusively that the complainant has a sufficient cause of action or defense, but it suffices to establish good faith and tender a seriously litigable issue.

4. **Limitation of Actions.** The time within which such an action as is above mentioned may be brought is prescribed by section 16 of the code, fixing a limitation for causes of action concerning which no specific provision has been made.

APPEAL from the district court for Cass county: PAUL JESSEN, JUDGE. *Reversed with directions.*

*Matthew Gering,* for appellants.

*Jesse L. Root, contra.*

AMES, C.

On the 10th day of January, 1902, Seeley recovered a judgment against the Ritcheys in the district court for Cass county. Shortly afterwards a transcript of the record and judgment and a petition in error were filed in this court, and one of the attorneys of record of Seeley executed a written waiver of the issuance and service of a summons in error, but this latter was not lodged with the clerk until after the death of Seeley, and it was held that this court did not acquire jurisdiction of the pro-

ceedings in error, and they were dismissed on March 4, 1903, and the order of dismissal was reaffirmed on re-hearing on December 16, 1903. Counsel for the Ritcheys was informed of the death of Seeley not until June 1, 1902.

It was held by this court in *Webster v. City of Hastings*, 56 Neb. 245, that a proceeding in error is a new action which may be prosecuted by the personal representative of a judgment defendant without revivor. It is a corol-lary of this rule that such a proceeding may be prosecuted in like manner against the personal representative of a deceased judgment creditor. *New Orleans & G. N. R. Co. v. Rollins*, 36 Miss. 384. A contrary practice would lack consistency. That counsel for the Ritcheys did not mis-conceive the law in this respect is evident from his writ-ten correspondence, contained in the record, with one of the attorneys of Seeley, in which he sought during the summer of 1902 to procure a revivor of the proceeding in error in the name of the personal representative by stipu-lation. But he failed of his purpose, and in the mean-time the time for beginning a new proceeding in error in this court expired before that begun here was dismissed.

Letters testamentary upon the will of Seeley were issued to his widow on the 10th day of March, 1902, by the surrogate's court for Dutchess county, New York, where he resided at the time of his death, and where she continued to reside. Whether the Ritcheys knew of the place of her residence or of such proceedings does not ap-pear, but it does appear that the attempted proceeding in error was pending in this court until the expiration of nearly two years after the time for beginning a new pro-ceeding to obtain a review had elapsed, when the court dismissed it for want of jurisdiction, and afterwards affirmed the judgment of dismissal. On the 30th day of April, 1904, more than two years after the rendition of the first mentioned judgment, this action was begun in the court in which it was rendered to obtain a new trial on the ground that by unavoidable casualty and misfortune

the Ritcheys had been prevented from prosecuting their petition in error in this court.

It is first objected that the action is barred, either as having been brought under section 602 of the code after the lapse of more than two years from the date of the judgment complained of, or else because of there having been opportunity to bring it under that section, which, on account of the plaintiff having neglected to improve it, bars him of a remedy in equity by his own laches. But in our opinion sections 602 *et seq.* of the code have exclusive reference to happenings incident to procedure in the district court, and while that court has jurisdiction of the cause in which they occur. Such is the plain and ordinary signification of the language employed, and we do not think this court would be justified in putting a strained construction upon it which might have the effect, not only in this but in many cases, of depriving a party of an opportunity to prosecute a meritorious suit. The object of the statute is to enable the district court to "vacate or modify its own judgments or orders" because of some inherent infirmity or injustice in them, not due to the previous fault, but to the prior misfortune, of the party complaining. It plainly has no natural applicability to a casualty or misfortune happening after their rendition, and whose sole effect is to prevent a review on appeal or error. In our opinion, therefore, the equitable right is not barred by the two-year statute, but by section 16 of the code, prescribing a limitation for causes of action concerning which no specific provision has been made.

It is further contended that it is not made sufficiently to appear that the plaintiff has a valid defense to the original action or would be victorious on a new trial, but we think that enough is shown to establish good faith and to tender a seriously litigable issue. To require much more than this would be to put the cart before the horse and, in effect, to compel a new trial before granting one, and so to render the latter, if granted, a needless formality. Besides this the plaintiff has been deprived by the casualty

of which he complains of his constitutional right of review, which, as the records of this court conclusively show, would have afforded him in the ordinary way the relief which he now seeks.

The district court rendered a judgment for the defendant, from which the plaintiff appealed. We recommend that the judgment be reversed and the cause remanded, with instructions to enter a judgment as prayed in the petition.

LETTON and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be reversed and the cause remanded, with instructions to enter a judgment as prayed in the petition.

REVERSED.