## JOHN BRUEGGER, as Trustee of the Bruegger Mercantile Company, v. JOSEPH CARTIER.

(126 N. W. 491.)

**Judgment — Trial by Court — Time for Entry — Effect of Delay.**

    1. Section 7039, Rev. Codes 1905, providing, upon the trial of any question or issue of fact by the court, its decision thereon and conclusions of law upon such decision and direction for entry of judgment in accordance with such conclusions must be given in writing and filed with the clerk within sixty days after the cause has been submitted for decision, does not make void a judgment rendered after the expiration of that period.

**Courts — Change of Judicial Districts — Effect Upon Judgments — Validity.**

    2. After an action in Williams county was tried, and before it was decided, the county was by chapter 116, Laws 1903, detached from the second judicial district, and with other counties formed into the eighth judicial district. *Held*, that a judgment in such action entered on an order of the judge of the second judicial district, filed thereafter, was at most voidable, and the party complaining of such judgment not having made an application to vacate the same as provided by § 6766, Rev. Codes 1905, the judgment is valid.

**Judgment — Relief in Equity — Effect of Fraud or Accident.**

    3. In an action in equity to obtain a new trial of an action at law or to be relieved from a judgment entered in such action, on the ground that the party complaining has been deprived of the right to have his case reviewed in the supreme court, it must appear that in the trial thereof matters were determined adversely to the party complaining, to the prejudice of his interests, and that he was, by fraud or accident, deprived of his constitutional right to be heard thereon in the court of last resort, and that he was himself without fault.

Opinion filed April 30, 1910.

Appeal from District Court, Williams county; *C. A. Pollock,* J.

Action by John Bruegger, as trustee of the Bruegger Mercantile Company, against Joseph Cartier. From an order sustaining a demurrer to the complaint, plaintiff appeals.

Reversed.

*Greenleaf & Fisk* and *Albert J. Dwyer,* for appellant.

Equity will relieve against a judgment which it is against conscience to execute, where the holder of the judgment is deprived of rights without his fault, if it is allowed to stand. Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. ed. 362; 1 Black, Judgm. §§ 356, 366; 23 Cyc.

Law & Proc. pp. 991, 992; Freeman, Judgm. 3d ed. § 486; Radzu-weit v. Watkins, 53 Neb. 412, 73 N. W. 679; Knight v. Hollings, 73 N. H. 495, 63 Atl. 38; Kelleher v. Boden, 55 Mich. 295, 21 N. W. 346; Telford v. Brinkerhoff, 163 Ill. 439, 45 N. E. 156; Minnesota Thresher Mfg. Co. v. Holz, 10 N. D. 16, 84 N. W. 581; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585.

New trial may be granted and execution of judgment enjoined. 1 Black, Judgm. § 357; Yancey v. Downer, 5 Litt. (Ky.) 8, 15 Am. Dec. 35; Oliver v. Pray, 4 Ohio, 175, 19 Am. Dec. 595; Knifong v. Hendricks, 2 Gratt. 212, 44 Am. Dec. 385; Hunt v. Boyier, 1 J. J. Marsh. 484, 19 Am. Dec. 116.

*Geo. A. Gilmore,* for respondent.

Equity will not intervene when remedy by motion is available and adequate. Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721; Rehearing, 14 N. D. 95, 103 N. W. 392.

There was remedy by mandamus. 4 Current Law, 304, 305; 26 Cyc. Law & Proc. pp. 192(3), 210 (u); Bridgeport Electric & Ice Co. v. Bridgeport Land & Improv. Co. 104 Ala. 276, 16 So. 93; Parsons v. Weis, 144 Cal. 410, 77 Pac. 1007.

CARMODY, J. This is an appeal from an order sustaining a demurrer of defendant to plaintiff's complaint, and dismissing the action upon its merits. This action was brought by the plaintiff herein, as trustee of the Bruegger Mercantile Company, for equitable relief against a judgment secured by the defendant herein in a former action wherein said defendant was plaintiff and the plaintiff herein, as the trustee of the Bruegger Mercantile Company, was defendant; said judgment being for specific performance of a certain contract for the conveyance of a parcel of land situate in the city of Williston. The amended complaint alleges: That on the 1st day of March, 1897, the said plaintiff was, by an instrument in writing executed by all the members of the Bruegger Mercantile Company, a partnership, appointed trustee of the real estate of said partnership, and took possession thereof. That on the 24th day of September, 1898, plaintiff entered into a contract with defendant, whereby he agreed on payment of $200

to convey the real estate in controversy to the defendant, part of which was paid on the 24th day of September, 1898, and the balance became due on the 24th day of September, 1899, with interest at 8 per cent. The contract was in writing and contained the usual covenants of performance on the part of both parties. In case of forfeiture of the contract by failure of defendant to perform his part thereof, the real estate was to revert to plaintiff; time of payment being the essence of the contract. That subsequently a misunderstanding grew out of said contract through the refusal by defendant to comply with its terms. That on the 15th day of February, 1901, the said defendant commenced an action against this plaintiff to require him to specifically perform his part of the said contract by the delivery of a good and sufficient deed of conveyance of the premises hereinbefore mentioned. That plaintiff filed an answer in said action, alleging that defendant had not complied with the terms of said contract, that payment under the same had not been made nor tendered in accordance with the terms of said contract, and that said plaintiff as trustee had tendered defendant a deed for said property, which deed said defendant refused, and that upon such refusal this plaintiff declared said contract canceled, and notified said defendant in writing of his election to cancel said contract. That upon all the issues the said cause came on for trial before the Honorable John F. Cowan, judge of the second judicial district; a jury having been waived. That as a part of the evidence necessary to determine the issue presented by the pleadings in said action various papers in writing were introduced in evidence as follows: Exhibit 1: A contract in writing entered into between plaintiff and defendant that was subsequently canceled by agreement. Exhibit 2: The written contract entered into between plaintiff and defendant hereinbefore referred to. Exhibit 3: A notice in writing given by said defendant to said plaintiff of the deposit of a sum of money in the Citizens' State Bank of Williston for the payment of the final amount due to said trustee under said contract; such notice showing certain restrictions placed upon said bank concerning the payment of said money to plaintiff herein. Exhibit 4: A written notice served by plaintiff upon defendant notifying him of the cancelation of said land contract by plaintiff. Exhibit 5: Another written notice of the cancelation of said contract by plaintiff and served upon defendant. Ex-

hibit 6: A written notice demanding the payment of the balance due on said contract and served upon said defendant by plaintiff. Exhibit 7: A written declaration of the cancelation of said contract by said plaintiff and served upon defendant. Exhibit 8: The deed tendered to defendant by plaintiff. Exhibit 9; Certificate of deposit for money deposited in said Citizens' State Bank, as a tender, such certificate showing the restrictions that were placed upon the payment of said money to said trustee. Exhibit 10: Plat of the town site of Williston, North Dakota. That the Honorable John F. Cowan, judge aforesaid, took said cause under advisement on the 4th day of March, 1901, and retained the same, and took no action nor rendered a decision in said cause until the 18th day of August, 1906, when the said judge decided said cause in favor of the defendant and against the plaintiff. And on the 18th day of August, 1906, at Devils Lake, North Dakota, made an order for the entry of judgment, on which order judgment was entered in the district court of Williams county, requiring plaintiff to convey the premises in controversy to the defendant within twenty days from the 18th day of August, 1906, by a good and sufficient warranty deed, and, if plaintiff should fail to make, execute, and deliver said deed to defendant within ten days after the expiration of the said twenty days, then the judgment should operate as a deed and transfer of title to said premises from plaintiff to defendant. That, at the close of the hearing of said cause, all of the exhibits were placed in possession of the court. That between the trial of said action and the 18th day of August, 1906, without the knowledge and through no fault of this plaintiff, the various exhibits hereinbefore mentioned were lost, and after diligent effort on the part of this plaintiff, when he sought to perfect his appeal from said decision, he was unable to obtain said exhibits or copies of the same, except copies of the contract in controversy. That on the 22d day of July, 1907, plaintiff appealed said cause generally to the supreme court, but owing to his inability to recover the lost pleadings and exhibits mentioned hereinbefore, or to obtain copies of the same, he was unable to perfect a complete record of said action, and was therefore unable to prosecute his appeal from said judgment in good faith and with effect, and for that reason upon the motion of this plaintiff, setting forth the reasons herein mentioned, and supported by an affidavit setting forth the facts pleaded in this complaint, and

showing said supreme court appellant's endeavor to recover said lost pleadings and exhibits or to obtain copies thereof, and his failure so to do through no fault on his part, said appeal was by the supreme court for those reasons dismissed, without a consideration of such action upon its merits. That, by reason of his inability to perfect the complete record of the hearing of said cause had in the district court, he was unable to have judgment of the district court in said action reviewed by the supreme court and has been therefore deprived of a legal and substantial right. That the holding, of the said cause by said court without rendering a decision therein for the period of five years, five months, and fourteen days was an unreasonable and unwarranted exercise of authority by the said district court, prejudicial to the rights of the plaintiff herein. Said delay not having been occasioned by sickness of the judge to whom said cause was submitted for decision, or by any other unavoidable casualty, the said judge lost all jurisdiction of such action, and the judgment by him in said action is therefore null and void and a cloud upon the title of plaintiff to the said property. That plaintiff received the sum of $90 from defendant as part payment for said real estate before said contract was forfeited, and he is willing to restore the same and place defendant in as good position as he was previous to the entering into of said contract, and do any other equity required of said plaintiff. That defendant is and has been in possession of said real estate since the date of the contract herein mentioned, and is claiming title thereto by reason of said void judgment. That it is contrary to equity and good conscience to allow the enforcement of said judgment, for the reason that the evidence adduced on the trial of said cause failed to disclose the right of plaintiff in said action to the relief prayed for in his complaint and granted in said judgment.

"The complaint further states that the evidence at said trial disclosed the failure of the defendant to comply with his contract," and the cancelation thereof by the plaintiff in this action after offering to perform his part of the contract. That J. H. Bosard, of Grand Forks, since deceased, had been acting as attorney for the defendant since the trial hereinbefore mentioned, and was not an attorney of record therein. That on the 22d day of January, 1906, it came to the knowledge of this plaintiff that the following described papers were dis-

covered in the office of said J. H. Bosard by his successor, to wit: Copies of the complaint and answer in the case of Cartier v. Bruegger; a duplicate of the original contract between said parties out of which said litigation originated; an exact copy of the deed tendered by plaintiff to the defendant; a paper purporting to be a certificate of deposit from the Citizens' State Bank of Williston to defendant for money deposited as a tender by said defendant; a copy of the deed for said premises from the St. Paul, Minneapolis, & Manitoba Railway Company to the plaintiff herein. That because of the discovery of the copies of the exhibits and pleadings hereinbefore mentioned, a retrial of said action may be had without jeopardizing the interests of either plaintiff or defendant. That said judgment is contrary to the law of said case, and that through no fault of plaintiff he was deprived of his right to have said unjust and inequitable judgment reviewed by the supreme court. That his right to have a review is a substantial right, and that he is deprived of his property without full compensation therefor, and that he has no adequate remedy at law for the relief herein prayed for.

The relief prayed for is that, upon plaintiff's doing such equity as may be required of him by the court, the judgment be declared null and void; that defendant be decreed to have no estate nor interest in said property, title be quieted as to said void judgment in this plaintiff; and that the defendant be forever debarred and enjoined from asserting any rights thereunder; that plaintiff recover possession of said premises, and that the court fix the value plaintiff may recover for their use and occupation, or that said defendant be ordered to submit to a retrial of the cause hereinbefore mentioned, or that, in case of his refusal, he be forever enjoined from asserting any rights whatsoever under said judgment.

To this complaint the defendant interposed the following demurrer: "Comes now the defendant in the above-entitled action, and demurs to the amended complaint filed herein by plaintiff, for the reason that said complaint does not state facts sufficient to constitute a cause of action,"—which demurrer was sustained by the court with leave to amend said amended complaint upon the payment of the costs, taxed at $10. Plaintiff having in open court declined to plead further, it

was ordered that this action be dismissed on its merits, from which or-. der sustaining the said demurrer plaintiff appeals to this court.

Plaintiff assigns errors as follows: "(1) The court erred in holding that the amended complaint did not state facts sufficient to constitute a cause of action. (2) It was error to sustain the demurrer and dismiss the action on its merits."

Section 7039, Rev. Codes 1905, provides for a compulsory decision within sixty days after a cause is submitted to the court, sickness or unavoidable casualty excepted. The plaintiff contends that, under the facts alleged in the complaint in this case, that the Honorable John F. Cowan by holding the decision of the former action between these parties for more than five years lost jurisdiction under said § 7039, and that the judgment entered in said action is void. In this he is in error. Said section does not make void a judgment rendered after the expiration of 60 days. McQuillan v. Donahue, 49 Cal. 157; Edmonds v. Riley, 15 S. D. 470, 90 N. W. 139; Demaris v. Barker, 33 Wash. 200, 74 Pac. 362. In Demaris v. Barker, supra, the court says, in speaking of a similar statute: "But certainly it was never thought that the remedy was to be found in the holding that the judgment afterwards rendered is nugatory. To give it this construction is to prolong the very evil it is sought to avoid, and to punish the very persons whom it was intended should be its beneficiaries. If the judgment, when rendered, is to be declared void, then the litigants, who have already been subjected to an unconstitutional delay, must again be subjected to the additional delays necessary to again bring the cause to the condition it was before the court violated its sworn duty. They must also pay the accruing costs necessary for that purpose. Were the delay something within the control of the litigant, were it caused by his own dereliction, the conclusion contended for might be tolerated. But the litigant cannot control the action of the court after he has submitted his cause for its decision." It may be that the plaintiff could by writ of mandamus have compelled the judge to render his decision at any time after the expiration of the sixty days provided in § 7039 had expired, but the judgment is not void because of the failure of the judge to render his decision within the time required by law.

While the cause was held under advisement by the judge of the

second judicial district in which the action was pending; Williams county was, by a law passed in 1903, detached from the second judicial district, and, with other counties, formed into the eighth judicial district, and a judge appointed therefor. Appellant contends that as Judge Cowan did not become judge of the eighth judicial district, but remained judge of the second judicial district, he lost jurisdiction to decide the cause, and that the judgment is void. Section 6766, Rev. Codes 1905, is as follows: "No order or judgment given by the judge of any district contrary to the limitations of the preceding sections shall for that reason be void, but such order or judgment may be vacated upon application within thirty days from the time the same shall have been made or given to the judge of the district in which the action or proceeding in which the same was made or given is pending, and if appealable by the supreme court on appeal." We cannot agree with counsel. At most, the judgment would be voidable under said § 6766; and the plaintiff not having made any application to vacate the same, as provided by such § 6766, the judgment is valid.

A more serious question is: Do the allegations set forth in the complaint entitle the plaintiff to the equitable relief demanded therein? The rule laid down in 23 Cyc. Law & Proc. pp. 991, 992, is as follows: "As a general rule any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself there, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will authorize a court of equity to enjoin the adverse party from enforcing such judgment. It must therefore be made to appear that it would be unjust and unconscientious to enforce the judgment, and equity will not interfere merely on account of hardship, or where it appears that there is no valid defense to the action." Black on Judgments, 2d ed. vol. I, § 366, says: "The leading case in America upon the subject of equitable relief against judgments at law is that of Marine Ins. Co v. Hodgson. In that case Chief Justice Marshall specified the grounds for the interference of equity in the following terms: 'Without attempting to draw any precise line to which courts of equity will advance, and which they cannot pass, in restraining parties from availing themselves of judg-

ments obtained at law, it may safely be said that any fact which clearly proves it to be against conscience to execute a judgment, and of which the injured party could not have availed himself in a court of law, or of which he might have availed himself at law, but was prevented by fraud or accident unmixed with any fault or negligence in himself or his agents, will justify an application to a court of chancery.' And the principles here set forth, though perhaps somewhat extended by more recent decisions, have been adopted without question, as a general statement of the rule, in all our courts. 'When a party goes into chancery after a trial at law,' says a learned judge in New York, 'he must be able to impeach the justice and equity of the verdict, and it must be upon grounds which either could not be made available to him at law, or which he was prevented from setting up by fraud, accident, or the wrongful act of the other party, without any negligence or other fault on his part.' 'A court of equity does not interfere with judgments at law unless the complainant has an equitable defense, of which he could not avail himself at law because it did not amount to a legal defense, or had a good defense at law, which he was prevented from availing himself of by fraud or accident, unmixed with negligence of himself or his agents.' So speak all the authorities." The case in which the quotation from Chief Justice Marshall is taken is Marine Ins. Co. v. Hodgson, 7 Cranch, 332, 3 L. ed. 362. The New York case from which the quotation is taken is Vilas v. Jones, 1 N. Y. 274. See also Hendrickson v. Hinckley, 17 How. 443, 15 L ed. 123. It is plain from the complaint that the loss of the exhibits, as alleged therein, was caused without any fault or neglect of the plaintiff or his agents. After the appeal had been taken and dismissed, and more than one year after he received notice of the entry of judgment, the following described papers and exhibits were discovered: Copies of the complaint and answer in the case of Cartier v. Bruegger, in which the judgment, hereinbefore mentioned, was rendered, a duplicate of the original contract between the plaintiff and defendant, out of which the litigation originated; a copy of the deed tendered by plaintiff to defendant; a paper purporting to be a certificate of deposit in the Citizens' State Bank of Williston to the said Joseph Cartier for the money deposited as a tender; a copy of the

deed for said premises from the St. Paul, Minneapolis, & Manitoba Railway Company to the said plaintiff.

It appears to us that the original contract between the parties and the deed tendered by the plaintiff to defendant are very material to a proper decision of the former action, and that the plaintiff was, without any fault of his, deprived of their use in making the statement of the case in the former appeal. The principles contended for by the plaintiff in this action were before this court in two cases. The first is the case of Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585, which action was brought to permanently enjoin the collection of a judgment. The court says: "It therefore appears by the complaint that this plaintiff had a defense as against the note upon which said action was based, and further appears that on account of certain fraudulent representations made by the plaintiff in the other action, through its authorized agent, this plaintiff was induced to refrain from interposing such defense, and in consequence of plaintiff's neglect to do so a judgment was entered by default against this plaintiff. It seems entirely clear to this court that the allegations of the complaint show that this plaintiff has an adequate remedy at law by a motion to vacate the judgment in the other action. . . . This familiar remedy by motion is both speedy and economical, and it is also well settled that in granting this relief by motion the courts will exercise the powers of a court of equity applicable in administering the relief sought in actions of this nature." The court in this action held the complaint insufficient, using the following language: "We shall hold in this case that the complaint is insufficient, and place our ruling upon the ground that under the statute, upon the facts stated, the plaintiff has an adequate remedy by motion under said section made in the original action., . . . In this case we do not desire to go further than to hold that, where it appears that a party who seeks to enjoin the collection of a judgment by means of an independent action has an adequate remedy at law by motion, such action will not lie."

In the case at bar the plaintiff cannot obtain any relief by motion in the original action, the lost papers not having been found for more than one year after the judgment therein had been entered and notice of entry thereof served upon plaintiff's attorneys. In the case of

20 N. D.—6.

Freeman v. Wood, 11 N. D. 1, 88 N. W. 721, Freeman & Company, being insolvent, made an assignment for the benefit of their creditors to the defendant, Wood. Wood accepted the trust, and made an accounting to the district court. A decree or order was entered by the court discharging Wood and his bondsmen from further liability on account of said assignment and trust. The action was instituted to compel defendant to account anew for said property, and as preliminary to such relief plaintiffs asked that the decree of discharge entered by the court be vacated of record. A demurrer to the complaint was sustained. The court says: "No time is stated in the complaint at which the plaintiffs or any of them discovered the fraud of which they are complaining, and hence we must assume for the purposes of the case on this appeal that such discovery was made in fact within a year after the judgment complained of was entered." Neither of these cases is an authority against the plaintiff in the case at bar. Where the party had a remedy at law by appeal or motion to vacate or for a new trial, and has lost it, without fault on his own part, by causes which he could not control, preventing him from applying for it in due season, equity will not refuse to enjoin the judgment merely because the remedy at law, if it had been available, would have been appropriate and adequate. 23 Cyc. Law & Proc. p. 984; Parsons v. Weis, 144 Cal. 410, 77 Pac. 1007; Bailey v. Stevens, 11 Utah, 175, 39 Pac. 828; Curran v. Wilcox, 10 Neb. 449, 6 N. W. 762; Holland v. Chicago, B. & Q. R. Co. 52 Neb. 100, 71 N. W. 989; Zweibel v. Caldwell, 72 Neb. 47, 99 N. W. 843. See same case 72 Neb. 53, 102 N. W. 84; Ritchey v. Seeley, 73 Neb. 164, 102 N. W. 256; De Garcia v. San Antonio & A. P. R. Co. (Tex. Civ. App.) 77 S. W. 275; Oliver v. Pray, 19 Am. Dec. 595, and notes (4 Ohio, 175); Breckett v. Banegas, 116 Cal. 278, 58 Am. St. Rep. 164, 48 Pac. 90; Kansas & A. Valley R. Co. v. Fitzhugh, 61 Ark. 341, 54 Am. St. Rep. 211, 33 S. W. 960; Little Rock & Ft. S. R. Co. v. Wells, 61 Ark. 354, 30 L.R.A. 560, 54 Am. St. Rep. 216, 33 S. W. 208; Notes to Little Rock & Ft. S. R. Co. v. Wells, 54 Am. St. Rep. 218 to 261, inclusive; Smithson v. Smithson, 37 Neb. 535, 40 Am. St. Rep. 504, 56 N. W. 300. In Curran v. Wilcox, supra, the plaintiff, intending to appeal from a judgment against him, applied to the reporter for a transcript of the proceedings. The reporter furnished

a transcript, but it was found to be so imperfect as to be entirely un-
intelligible and worthless; that the testimony of several witnesses was
omitted therefrom and the exceptions taken by the plaintiff were also
omitted; that it was impossible to prepare the bill of exceptions within
the time limited, and the attorneys for defendant refused to agree to
an extension of the time. The district court sustained a demurrer to
the complaint, and the plaintiff appealed. The court, in reversing the
judgment, says: "As the attorneys for the plaintiff are alleged in the
petition to have relied upon the reporter for a transcript of the pro-
ceedings, which, without fault on their part, they were unable to ob-
tain, and these allegations, for the purposes of this action, are ad-
mitted by the demurrer, the case clearly falls within that of Dobson
v. Dobson, 7 Neb. 296. The law will not permit the plaintiff to be
prejudiced in his rights by reason of the failure of an officer of the
court to do his duty."

In Holland v. Chicago, B. & Q. R. Co. supra, the stenographer,
having lost part of his notes, was unable to furnish a transcript as re-
quired. On this account the plaintiff was unable to prepare a bill of
exceptions, and to secure a review of his case in the supreme court.
Some of the testimony was by depositions. The case had been tried
before, and the reporter's notes of the proceedings on the first trial
were to be had. The court says: "As the appellant was free from
blame for the loss of the reporter's notes, he should not be held re-
sponsible upon an assumption that, if the transcript had been sooner
ordered, it could have been furnished. The appellant gave the order
for his transcript within the time limited for that purpose, and there
should be no inference that, if he had been more diligent than the re-
quirement of the court demanded, the official reporter might have been
able to supply the necessary transcript. The judgment of the district
court is reversed, and this case is remanded, with instructions to al-
low a new trial in the case wherein the notes of the testimony were
lost by the official reporter."

Zweibel v. Caldwell, supra, was an action brought to set aside a
judgment. The complaint alleged that Zweibel and his attorneys
exercised due diligence to procure a transcript of the record in that
case for the purpose of prosecuting error to the supreme court, and
were unable, through no fault of theirs, to procure it within six months,

and the procuring of the transcript was prevented through the inability of the clerk of the court to furnish it within the time, and that Zweibel, having lost his right to review on error, was therefore entitled to a new trial in the former action.   There was a judgment for the plaintiff granting a new trial, and defendant appealed.   In this case defendant's attorneys had part of the files, and did not return them within the proper time, although demands had been made upon them for their return, and, by reason of their failure to return the files, the clerk was unable to obtain the files and the plaintiff unable to secure his transcript.   The court, in reviewing some of its previous decisions, says: "In all of these cases the constitutional right to a review is spoken of and treated as absolute.   It is true the question as to the necessity of some showing of error in the judgment complained of is not touched upon in any of them.   In the absence of such a showing, the loss without fault of one's constitutional right of review would seem sufficient to warrant a new trial, and that prejudice will be presumed."   In the case of Ritchey v. Seeley, supra, the court says: "It is further contended that it is not made sufficiently to appear that the plaintiff has a valid defense to the original action, or would be victorious on a new trial, but we think that enough is shown to establish good faith and to tender a seriously litigable issue.   To require much more than this would be to put the cart before the horse, and, in effect, to compel a new trial before granting one, and so to render the latter, if granted, a needless formality."

In Oliver v. Pray, supra, the plaintiff attempted to take an appeal in the original action. The clerk on his request drew up the appeal bond, which was executed by him and his sureties, and approved and accepted by the clerk. At the time of the execution of the bond the costs had not been taxed, and a blank was left for their insertion, which the clerk, by accident or mistake, omitted to fill in. On motion of the respondent and defendant herein on the sole ground that the costs had not been inserted in the appeal bond, the appeal was dismissed by the supreme court, and this action was brought to set aside the judgment; it being too late to take another appeal. The court says: "The injury, if any, to the complainants, has originated with the clerk who prepared the bond, or with the appellant who executed it. Uniform practice has fixed the drafting of these bonds upon the

clerks. Their offices are usually furnished with blanks for the purpose. The bill and evidence show conclusively that the bond was in good faith prepared by the clerk, and in good faith executed by the principal obligor." The court further says: "The law would be dishonored if courts were furnished with no powers to place the parties thus situated *in statu quo,* and thus prevent probable injustice. There is no principle to be found in the books, which forbids a court of chancery from granting relief under such circumstances. Reason, justice, equity, require it." In Kansas & A. Valley R. Co. v. Fitzhugh, supra, the court held that if, after a trial at law, the right of appeal is cut off by the death of the presiding judge, before he can sign a bill of exceptions, relief may be granted in an equitable action. In De Garcia v. San Antonio & A. P. R. Co., supra, the court says: "Where, at the time of discovery of fraud in procuring a judgment, it would have been impossible by reason of the state of the record and the impossibility of then securing a statement of facts for the defrauded party to have secured a review by appeal, the judgment may be set aside by a court of equity, there being no adequate remedy at law." This was an action where a judgment had been obtained against the complainant by fraud. Other cases might be cited sustaining the principle of obtaining relief in equity against a judgment at law, but to do so would extend this opinion to an unwarrantable length. The cases cited by respondent on this question are not in point.

English v. Aldrich, 132 Ind. 500, 32 Am. St. Rep. 270, 31 N. E. 456, was an action to foreclose a junior mortgage, and appellant, who held a senior mortgage, was made defendant. The complaint alleged that any lien held by appellant was junior and subordinate to the mortgage in suit. The junior mortgagee took judgment, adjudging his mortgage the senior lien on the property. The senior mortgagee brought a bill in equity to set aside the foreclosure, alleging that he relied on statements of a clerk in the office of the counsel for the junior mortgagee that the object of making the senior mortgagee defendant was to bar his equity of redemption under a judgment for costs held by him in another action. The court says: "A court of equity possesses inherent power to, set, aside a judgment procured and entered by fraud practised upon the court, or for a mistake made by it, but this power will only be exercised in clear cases, and when the

party asking it is himself without fault, and when he proceeds without unreasonable delay after the discovery of the fraud or mistake." The court further held that appellant had no right to rely upon a statement of the clerk in the attorney's office as against the allegation in the complaint against him. In Chezum v. Claypool, 22 Wash. 498, 79 Am. St. Rep. 955, 61 Pac. 157, the plaintiff made a motion to vacate and set aside a judgment against him, which motion was denied by the court, from which order he failed to take an appeal. The court held that he, having failed to take an appeal from the denial of his motion, is estopped to maintain an action in equity to cancel the judgment. The court only held that a judgment void upon its face may be set aside upon motion even after the statutory time in which to move to set aside a judgment has expired. As hereinbefore stated, the judgment sued on in the case at bar is not void. Respondent insists that, where one perfects an appeal and abandons it, his right to appeal is exhausted. We do not think the doctrine contended for applies to the facts in this case, as the right to have the action reviewed in the appellate court on all the issues involved was lost without any fault, neglect, or mistake of his. See cases hereinbefore cited. It may be true that appellant might have compelled Judge Cowan under a writ of mandamus to decide the action, but he was not obliged to apply for such a writ. The district court erred in sustaining the demurrer.

The order appealed from is reversed, and the case is remanded to the District Court for further proceedings according to law. All concur, except FISK, J., not participating.