MISSOURI SLOPE LAND & INVESTMENT COMPANY, a Corporation, v. J. D. HASTEAD.

(147 N. W. 643.)

New trial — order granting — irregularly or erroneously made — cannot be reviewed by judge of another district — collateral attack.

1. An order granting a new trial, even though irregularly and erroneously made, cannot be reviewed or held for naught by another district judge of another judicial district where the action was pending, especially upon a mere collateral attack.

Action — trial — division of judicial district — creation of new district — judgment — order vacating — collateral attack.

2. After the trial of an action the judicial district wherein the same was tried was divided, and a new judicial district created, and the county in which such action was tried is embraced within such new district. The court stenog-

rapher's minutes of the testimony having been lost, and the judge of the new district, having no knowledge of the case, made an order transferring such cause to the judge of the old district who presided at the trial. Thereafter an order was made attempting to vacate the order transferring such cause, and subsequently the judge to whom the same had been transferred, on an *ex parte* application, made an order vacating the judgment and granting a new trial upon the ground of inability, owing to the loss of the reporter's notes of the testimony, to settle a statement of the case so as to enable defendant to obtain a trial *de novo* in the supreme court. Thereafter plaintiff's counsel secured an order to show cause why such order vacating the judgment and granting a new trial should not be vacated. Upon the hearing of such order to show cause before the judge of the old district, plaintiff's motion was denied, and no appeal taken therefrom. Subsequently, the cause having been placed upon the calendar for trial in the proper county of the newly created district, plaintiff objected to the trial upon the ground that such action was no longer pending, the cause of action having been merged in a judgment, and that more than one year had elapsed since the date of service of the notice of entry thereof, and that the order aforesaid, vacating such judgment and granting a new trial, was void for lack of jurisdiction in the court granting it.

*Held,* that the attack on such order was a mere collateral attack, and it was error to sustain such objection.

**Order — void — voidable — res judicata.**

*Held,* further, that the order vacating the judgment and granting a new trial was not void, but, at the most, merely voidable when properly attacked; and the order refusing to vacate the order which granted the new trial is *res judicata.*

Opinion filed May 12, 1914.

Appeal from District Court, Billings County, *S. L. Nuchols,* Special Judge.

From an order refusing to proceed with the trial, defendant appeals. Reversed.

*Purcell & Divet,* and *J. A. Miller,* for appellant.

The transfer of a county to a new judicial district does not oust the judge of the old district from jurisdiction to settle a statement of the case or grant a new trial in a case originally tried before him. Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Et vide Darelius v. Davis, 74 Minn. 345, 77 N. W. 214; McCord v. Knowlton, 76 Minn. 391, 79 N. W. 397; Rev. Codes 1905, § 6766.

The statement of the case should be settled by the judge before whom the case was tried. Bass v. Swingley, 42 Kan. 729, 22 Pac. 714; State v. McClintock, 37 Kan. 40, 14 Pac. 511; Manning v. Mathews, 66 Iowa, 675, 24 N. W. 271.

Three parties are necessary to and interested in the settlement of a bill of exceptions or statement of the case. Northwestern Port Huron Co. v. Zickrick, 22 S. D. 89, 115 N. W. 525; Matthews v. Superior Ct. 68 Cal. 638, 10 Pac. 128; Staser v. Hogan, 120 Ind. 207, 21 N. E. 916, 22 N. E. 990; Ohms v. State, 49 Wis. 415, 5 N. W. 827, 3 Am. Crim. Rep. 362.

The terms "qualification" and "jurisdiction" are dissimilar. Dupoyster v. Clarke, 121 Ky. 694, 90 S. W. 1; State ex rel. Penfro v. Wear, 129 Mo. 619, 31 S. W. 608; State v. Moberly, 121 Mo. 604, 26 S. W. 364; Nebraska Mfg. Co. v. Maxon, 23 Neb. 224, 36 N. W. 492; State ex rel. Cougill v. Sachs, 3 Wash. 691, 29 Pac. 446; Fisher v. Puget Sound Brick, Tile & Terra Cotta Co. 34 Wash. 578, 76 Pac. 107; Frevert v. Swift, 19 Nev. 363, 11 Pac. 273; Et vide State v. Heiser, 20 N. D. 357, 127 N. W. 72; Gould v. Duluth & D. Elevator Co. 3 N. D. 101, 54 N. W. 316; Getchell v. Great Northern R. Co. 22 N. D. 325, 133 N. W. 912.

If a motion for new trial is made before a new judge, it is his imperative duty to grant it. Bass v. Swingley, 42 Kan. 729, 22 Pac. 714; Ohms v. State, 49 Wis. 415, 5 N. W. 827, 3 Am. Crim. Rep. 362; United States v. Harding, 1 Wall. Jr. 127, Fed. Cas. No. 15,301; People ex rel. Wright v. Superior Ct. Judge, 41 Mich. 726, 49 N. W. 925; Woolfolk v. Tate, 25 Mo. 598.

If a party is unable, through no fault of his own, to furnish a transcript of the evidence, he should be granted a new trial as a matter of right. Holland v. Chicago, B. & Q. R. Co. 52 Neb. 100, 71 N. W. 989; Zweibel v. Caldwell, 72 Neb. 47, 99 N. W. 843, 102 N. W. 84; Curran v. Wilcox, 10 Neb. 449, 6 N. W. 762; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491.

If irregularity exists in the order granting a new trial, it renders the order merely voidable, and not void. Throop, Pub. Off. §§ 622 et seq; Williams v. Williams, 6 S. D. 295, 61 N. W. 38; Rev. Codes 1905, §§ 6765 & 6766; Gould v. Duluth & D. Elevator Co. 3 N. D. 96, 54

27 N. D.—38.

N. W. 316; Bruegger Case, 20 N. D. 72, 126 N. W. 491; State v. Heiser, 20 N. D. 368, 127 N. W. 72; Riggs v. Owen, 120 Mo. 176, 25 S. W. 356.

The granting of a motion for a new trial without service of notice does not make the order void. Rev. Codes 1905, § 7326.

The motion to vacate the order granting a new trial having been denied, review of the same could only be had by appeal, and not by a renewal of said motion at the new trial. Enderlin State Bank v. Jennings, 4 N. D. 228, 59 N. W. 1058.

Service of a copy of the judgment does not start the running of the statutory year for appeal. First Nat. Bank v. McCarthy, 13 S. D., 356, 83 N. W. 423; Re New York C. & H. R. R. Co. 60 N. Y. 115; Fry v. Bennett, 16 How. Pr. 404; Kelly v. Sheehan, 76 N. Y. 325; Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129; McKenzie v. Bismarck Water Co. 6 N. D. 371, 71 N. W. 608; Richardson v. Rogers, 37 Minn. 461, 35 N. W. 270; Yorks v. Peck, 17 How. Pr. 192.

Where a party undertakes to limit the time for appealing, he must serve such notice as the rules and practice require. He is held to strict practice. Kelly v. Sheehan, 76 N. Y. 325; Good v. Daland, 119 N. Y. 153, 23 N. E. 474; Tronsrud v. Farm Land Finance Co. 20 N. D. 567, 129 N. W. 359.

Courts of general common-law jurisdiction have inherent power to grant new trials. 29 Cyc. 722, 723, note, 21, 727, note, 64; State ex rel. Berndt v. Templeton, 21 N. D. 470, 130 N. W. 1009.

Failure to give notice of intention to move for a new trial does not in anywise go to the question of jurisdiction. 37 Century Dig. col. 1270; 29 Cyc. 921; Flugel v. Henschel, 6 N. D. 205, 69 N. W. 195; Gould v. Duluth & D. Elevator Co. 2 N. D. 216, 50 N. W. 969; McKenzie v. Bismarck Water Co. 6 N. D. 361, 71 N. W. 608.

New trial should always be granted where the right of appeal is destroyed or lost through no fault of moving party. Henrichsen v. Smith, 29 Or. 475, 42 Pac. 486, 44 Pac. 496; Manning v. German Ins. Co. 46 C. C. A. 144, 107 Fed. 54; Fire Asso. of Philadelphia v. McNerney, — Tex. Civ. App. —, 54 S. W. 1053; People ex rel. Wright v. Superior Ct. Judge, 41 Mich. 726, 49 N. W. 925; Borrowscale v. Bosworth, 98 Mass. 37; Crittenden v. Schermerhorn, 35 Mich. 370 (Per

Cooley, Judge); Greenville v. Old Dominion S. S. Co. 98 N. C. 163, 3 S. E. 505; Owens v. Paxton, 106 N. C. 480, 11 S. E. 375; Nelson v. Marshall, 77 Vt. 44, 58 Atl. 793; McCotter v. New Shoreham, 21 R. I. 425, 44 Atl. 473; 29 Cyc. 874 and 875; Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Kitzman v. Minnesota Thresher Mfg. Co. 10 N. D. 26, 84 N. W. 585; Freeman v. Wood, 11 N. D. 1, 88 N. W. 721.

*L. A. Simpson* and *W. L. McBride,* for respondent.

In granting new trials in cases that have been tried, submitted, and determined, the statutory method must be pursued. Parrott v. Hot Springs, 9 S. D. 202, 68 N. W. 329; Williams v. Chicago & N. W. R. Co. 11 S. D. 463, 78 N. W. 949.

Notice of intention to move for new trial must be given as by law provided it was not done in this case. Rev. Codes 1905 §§ 7065, 7068, 7086; MacGregor v. Pierce, 17 S. D. 51, 95 N. W. 281; Hayne, New Trials, p. 14.

The actual service of the written notice of the entry of judgment started the running of the statute limiting the time for appeal. Prescott v. Brooks, 11 N. D. 93, 90 N. W. 129.

Fisk, J.   This is an appeal from an order made by Judge S. L. Nuchols on April 12, 1912, while acting as special judge of the tenth judicial district, declining and refusing defendant's demand for a trial of the action. The order reads as follows:

"It is hereby ordered that the motion of the defendant and his demand for a trial be, and they hereby are, overruled and denied upon the sole and only ground that the action is not pending for trial, but that the issues involved therein have been merged in a final judgment, which judgment remains unvacated and unreversed, and the order of his Honor, Judge Winchester, of date the 14th day of January, 1911, assuming to grant a new trial hereof, is void and of no force and effect."

The facts essential to a complete understanding of the questions for decision are stated in appellant's brief in substance as follows:

The action was brought in 1906, to quiet title to certain land in Billings county. The answer alleges by way of defense a contract of purchase of the land, and a partial payment thereon by note. The

reply denies the terms of the contract, and alleges that the defendant had defaulted in the payment of the note. The case came to trial on October 11, 1906, at Dickinson, Stark county. At this time Stark county was in the sixth judicial district, of which Judge Winchester was the regular judge. The trial resulted in findings, conclusions, and order for judgment favorable to the plaintiff. These were signed by Judge Winchester on December 31, 1908, and judgment was entered on February 3, 1909.

By chapter 162, Laws 1907, the tenth judicial district was formed, and Stark county, among others, was transferred to it; and at the fall election of that year Honorable W. C. Crawford was elected the judge of that district.

On March 3, 1909, J. A. Miller, one of the attorneys for the defendant, made an affidavit for extension of time to settle a bill of exceptions and make a motion for new trial. The reason for asking for this stay was that the original papers and transcript of the evidence could not be found. Upon this affidavit an order was made by Judge Crawford on March 3, 1909, as prayed for. Various other stays were granted, and finally, it being shown that the defendant was utterly unable to prepare a statement of the case, although he had made inquiry of the plaintiff's attorneys, Judge Winchester, the clerk of court, and the court stenographer, and had made trips to Medora and various places in Montana, Judge Crawford, on December 5, 1910, made an order that "all further proceedings in the matter be had before the Honorable W. H. Winchester, judge of the sixth judicial district, and the judge before whom this case was originally tried," because as (the order recited), "he (Judge Crawford) was not present at the trial of the action, and knows nothing of the evidence there adduced, he is not in a position to satisfactorily settle the statement of case."

Thereafter and on January 11, 1911, on an *ex parte* motion and on the affidavit of L. A. Simpson, one of the attorneys for the plaintiff, Judge Crawford revoked the order of December 5, 1910, transferring the case to Judge Winchester, reciting as a ground "that said order inadvertently by the court recited statements not in accordance with the record in said case."

Pursuant to the order of December 5, 1910, an *ex parte* motion

was made in behalf of the defendant to set aside the judgment, and for a new trial, and granted by Judge Winchester under date of January 14, 1911.

Thereupon a motion was made before Judge Winchester by the plaintiff's attorneys, upon notice and order to show cause, to vacate the order granting new trial. This motion was heard on February 15, 1911, and denied.

Thereafter the case came up for new trial before Judge Crawford, who requested in writing that Judge Nuchols, of the twelfth judicial district, preside at the trial and hear all motions, etc. On April 12, 1912, the defendant moved the case for trial, which motion was opposed by the plaintiff. After argument of counsel, and on the same day, Judge Nuchols made the order complained of.

From the foregoing statement of facts it is, at the outset, apparent that the order of Judge Winchester vacating the judgment theretofore entered by him, and granting a new trial, was equitable and just, as it afforded defendant an opportunity to procure the necessary record upon which his right to a trial *de novo* in this court can be exercised. It merely granted or attempted to grant, by motion in the action, the relief to which defendant would no doubt otherwise have been clearly entitled in an action in equity. Bruegger v. Cartier, 20 N. D. 72, 126 N. W. 491; Henrichsen v. Smith, 29 Or. 475, 42 Pac. 486, 44 Pac. 496; 29 Cyc. 874. Such order ought, therefore, to be given force and effect, unless it clearly appears that the same was a nullity for lack of jurisdiction to make it.

In making the order from which this appeal is prosecuted, Judge Nuchols held that the Winchester order was absolutely void. The particular grounds upon which the learned court deemed such order to be void are recited in his order, but we are unable to discover any sound reason for such holding. Conceding that the order of Judge Crawford, made on January 11, 1911, purporting to vacate his order of December 5, 1911, transferring jurisdiction of the cause to Judge Winchester, was authorized in law and therefore effective, still we would be confronted with a situation wherein a judge in an adjoining district assumed to exercise jurisdiction in a cause pending in another district, and, concededly, his acts would not be void, but merely

voidable, for such is the express provision of the Code,—§ 6766, Rev. Codes 1905. Nor would the fact that the order granting such new trial was made without notice and merely on an *ex parte* application, or without any prior notice of intention to move for a new trial, alter the situation. Such failures to comply with the rules of practice prescribed by the Code constituted mere irregularities which could have been taken advantage of in a direct attack, but not otherwise. Respondent's counsel argue, and no doubt Judge Nuchols held, that no jurisdiction to make such order existed for the reason that more than one year had elapsed after notice of the entry of the judgment was served. This ground is, we think, wholly untenable, even conceding the premise that such notice was served, which fact is emphatically denied by appellant. For the purposes of this appeal we will assume that notice was given as contended by respondent. It by no means follows, however, that the order of Judge Winchester was void and subject to attack collaterally as was done in this case. That the objection of plaintiff to the trial of the case was merely a collateral attack on the order of Judge Winchester is too clear for debate. See Van Fleet, Collateral Attack, §§ 3 and 4.

The respondent cites Parrott v. Hot Springs, 9 S. D. 202, 68 N. W. 329, and Williams v. Chicago & N. W. R. Co. 11 S. D. 463, 78 N. W. 949, but these were cases of direct attack on the order by appeals.

Conceding, for the sake of argument, that jurisdiction to entertain or decide a motion for new trial terminates upon the expiration of one year from the date of notice of entry of judgment (although see King v. Hanson, 13 N. D. 85, 99 N. W. 1085, and Williams v. Fairmount School Dist. 21 N. D. 198, 129 N. W. 1027) yet whether facts exist in a particular case showing such lapse of time must, of necessity, be determined judicially when raised, and such determination, whether right or wrong, is a finality unless directly attacked. In the case at bar Judge Winchester necessarily passed on this question, both in granting the *ex parte* order vacating the judgment and granting a new trial, and also in later denying plaintiff's motion to vacate his prior order, one of the grounds urged on such motion being loss of jurisdiction by lapse of time. No attack on these rulings was made by plaintiff other than the collateral attack by the objection, interposed before

another court of co-ordinate jurisdiction, to defendant's motion to proceed with the trial. Manifestly, it was error on Judge Nuchols part to sustain such objection. As before stated, the sole ground for such ruling was that "the action is not pending for trial, but that the issues involved therein have been merged in a final judgment, which judgment remains unvacated and unreversed, and the order of his Honor, Judge Winchester, of date the 14th day of January, 1911, assuming to grant a new trial hereof, is void and of no force and effect." The learned judge committed a double error, first, in assuming the right to review the order of Judge Winchester on such a collateral attack; and, second, in holding such order to be void and of no force and effect when it was, at the most, merely voidable when properly attacked by a direct proceeding. By procuring the order to show cause, plaintiff invoked the exercise of jurisdiction by the court, acting through Judge Winchester to pass upon facts, the existence of which was essential to the jurisdiction of that court to grant the new trial. Judge Winchester passed thereon, holding adversely to the plaintiff. Whether right or wrong, such decision could not be set aside and held for naught by Judge Nuchols, especially upon a mere collateral attack. This, we think, is entirely plain and controlling on this appeal. This court has held in effect that such order was *res judicala* and that even on a direct attack no other district judge had power to review it. Enderlin State Bank v. Jennings, 4 N. D. 228, 59 N. W. 1058.

The order is reversed and the cause remanded for further proceedings.