Herbert BROWNELL, Jr., Attorney General of the United States, as successor to the Alien Property Custodian, Plaintiff,

v.

Hans LEUTZ, Fritz Leutz, Lottie Leutz, Anna Leutz, Carl Helge Anderson, and P. S. Jungers, individually and as testamentary trustee under the last will and testament of Ferdinand Leutz, deceased, Defendants.

Civ. No. 2728.

United States District Court
D. North Dakota,
Southwestern Division.

Jan. 11, 1956.

Robert Vogel, U. S. Atty., Fargo, N. D., for plaintiff.

Richard P. Rausch, Johnson & Rausch, Bismarck, N. D., J. F. X. Conmy, Hyland & Conmy, Bismarck, N. D., for defendants.

REGISTER, District Judge.

This matter is before the Court on defendants' motion for summary judgment under Rule 56, Federal Rules of Civil Procedure, 28 U.S.C.A., on the ground that on the basis of the pleadings, files and records there is no genu-

ine issue as to any material fact. The basis of such motion is: (1) That this Court has no jurisdiction of the subject matter of the controversy, and (2) That the action constitutes a collateral attack upon a valid and subsisting judgment and decree of the County Court of Morton County, North Dakota, entered on June 28, 1941, and hereinafter referred to.

The decisive facts are not in dispute.

Ferdinand Leutz, a resident of Morton County, Sixth Judicial District, State of North Dakota, died on August 7, 1934, leaving a last will and testament dated July 10, 1934. The will was duly admitted to probate in the County Court of said County. Fred Schwenk duly qualified as executor thereof, and acted in that capacity until his final discharge on July 11, 1941. Under the provisions of the will, deceased bequeathed and devised to his wife, Helene Leutz, specific personal property and specific realty, gave specific property to the City of Hebron, North Dakota, on a conditional basis (and which gift failed and became a part of deceased's residuary estate), and all of the rest, residue and remainder of the estate was given, devised and bequeathed to P. S. Jungers, as trustee. Some of the provisions of the testamentary trust are unusual and great discretion is vested in the trustee. A final decree of distribution was entered by the said County Court in the matter of said estate on June 28, 1941, which final decree decreed specific property to said widow, and specific property (being the rest, residue and remainder of the estate) to said P. S. Jungers, as trustee, in accordance with the provisions of the will.

Letters of trusteeship were duly issued to the defendant P. S. Jungers on September 21, 1941, by the District Court of Morton County, Sixth Judicial District, State of North Dakota, pursuant to Chapter 59–04, NDRC 1943, as amended, and said P. S. Jungers is now acting as trustee with respect to the property decreed to him as trustee under said final decree of distribution.

The sole heirs at law and next of kin of deceased (and sole beneficiaries under his will, other than said City of Hebron) were his wife, Helene, a daughter Greta (or Gretel), and four children by a former marriage, all of whom are defendants in this action. The Complaint alleges that the wife and daughter Greta were, on or since December 11, 1941, and prior to January 1, 1947, both residents and nationals of Germany. The other four children were and are residents of North Dakota.

On September 4, 1944, the Alien Property Custodian, to whose function plaintiff succeeded, acting pursuant to authority conferred upon him by the Trading With the Enemy Act, as amended, 40 Stat. 411; 50 U.S.C.A.Appendix, § 1 et seq., by Executive Order 9095, as amended, 50 U.S.C.A.Appendix, § 6 note (7 F.R. 5205), issued Vesting Order Number 4084, vesting in himself for the benefit of the United States "Certificate No. 17 for forty-five shares of the capital stock of the Security Bank of Hebron, Hebron, North Dakota, together with all rights incident to the ownership thereof, and any and all accretions thereon; also all right, title, interest and claim of any kind or character whatsoever of Helene Leutz and Greta (Gretel) Leutz, and each of them, in and to the estate of Ferdinand Leutz, deceased, including but not by way of limitation, all rights, claims, demands and causes of action at law or in equity, of any kind or nature whatsoever growing out of the administration of said trust estate, which said persons or either of them, may have against P. S. Jungers as trustee of said trust estate, or individually." Said corporate stock was a part of the property decreed to said widow. On September 4, 1944, the Alien Property Custodian also issued Vesting Order Number 4085, vesting in himself for the benefit of the United States, generally all right, title, interest and claim of any kind or character of Helene Leutz and Greta (Gre-

tel) Leutz and each of them, in and to the trust estate created under said will.

The plaintiff, on April 1, 1953, filed this action, the Complaint consisting of nine counts.

In Count One, plaintiff contends that no testamentary trust was intended by testator, or created by said will, but that deceased made an absolute, present gift in fee of his residuary estate in equal shares to his wife and five children. In view of the following statement contained in plaintiff's brief, to-wit:

"Under the circumstances and in view of the decree of the County Court of Morton County distributing the residuary estate to the defendant P. S. Jungers, as trustee, the plaintiff is abandoning the cause of action set forth in that count and agrees to the entry of a judgment dismissing the complaint as to that and only that cause of action."

the Court will make no comment, other than that in the opinion of this Court, defendants' motion should be granted as to Count One.

■ The second, third and fourth counts are similar. They are alternative counts, alleging that the trust failed because of certain reasons therein set forth. In effect, by the cause of actions set forth in each one of these counts, plaintiff is seeking a declaration of his rights in the property constituting the trust estate and which is now in the possession and custody of said P. S. Jungers, trustee. It would appear from the record that the position of the plaintiff is that the testamentary trust failed for the reasons alleged in said Counts Two, Three and Four, and that as a result thereof, the defendant P. S. Jungers, trustee, is holding the property involved as the trustee of a resulting trust in favor of deceased's heirs. It appears that such declaration of rights can be made without assuming control of or disturbing or affecting the possession of any property in the custody of the state court, the property in-

volved here being in the possession and custody of said trustee, P. S. Jungers. A federal court "may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court". Markham v. Allen, 326 U.S. 490, 66 S.Ct. 296, 298, 90 L.Ed. 256.

■ It is true that the judgment sought in plaintiff's Complaint would have the effect of interpreting and construing a portion of the will. However, "jurisdiction exists in this court to render a judgment on the interpretation of the will, inasmuch as such a judgment will not disturb or affect the possession of any property in the custody of a state court." Brownell v. Raubenheimer, D.C., 112 F.Supp. 154, 155; Clark v. Tibbetts, 2 Cir., 167 F.2d 397.

The fifth count of the Complaint is against the defendant P. S. Jungers individually and against the defendant Carl Helge Anderson. Therein, plaintiff alleges in substance that said defendants conspired together to defraud the estate in connection with the purchase of corporate stock of the Hebron Brick Company from said estate, at an inadequate price. These shares formed part of deceased's residuary estate. Plaintiff seeks to impress a constructive trust upon such stock for the benefit of deceased's heirs and legatees.

It appears that this stock was sold by the executor during probate proceedings to Carl Helge Anderson for a sum in excess of the appraised value thereof. Under North Dakota law a sale of personal property may generally be made by an executor, without notice or order of the Court, for not less than ninety per cent of its appraised value, as ascertained by an appraisal made within one year prior to the date of sale, but, "a complete and detailed account of all sales of personal property shall be made by the executor * * * in his first report to the court after such sale or sales * *."

Section 30–1901, NDRC 1943. Prior to the issuance of a Final Decree of Distribution, an executor must submit his final report and accounting and petition for distribution, a hearing must be had thereon, and a decree allowing such final report and accounting must be duly entered, and time to appeal therefrom expire, prior to the issuance of such Final Decree of Distribution. "The settlement of the account and the allowance thereof by the court, or upon appeal, is conclusive evidence against all persons in any way interested in the estate * * *." Section 30–2016, NDRC 1943. The final decree of distribution was duly entered on June 28, 1941. No appeal therefrom was taken, and the executor was finally discharged on July 11, 1941.

■ It therefore appears that the matter of this sale was properly before the Court, was duly passed upon and approved by the Court, and the proceeds of the sale doubtless included specifically in the property contained in the Final Decree and decreed to the defendant P. S. Jungers, as trustee. This Court is of the opinion that as to the cause of action contained in the Fifth Count the plaintiff is questioning the executor's administration of decedent's estate—that in effect he is attempting to reopen such probate proceedings and is challenging and attacking the validity of the final decree of distribution, insofar as the property decreed to said trustee is concerned.

A final decree of distribution issued by a County Court has equal rank with a judgment of other courts, and has the same immunity from collateral attack. Generally, a judgment cannot be collaterally attacked by a party to the action or one in privity with a party. Hull v. Rolfsrud, N.D., 65 N.W.2d 94; Lamb v. King, 70 N.D. 469, 296 N.W. 185; 31 Am.Jur. 179, Sec. 581. The motion for summary judgment should be granted as to Count Five.

Each of the Sixth, Seventh, Eighth and Ninth Counts is against the defendant P. S. Jungers, individually. By the same, plaintiff seeks to recover from him certain sums alleged to have been received by said defendant, individually, from the executor of the estate or from income from property, for the benefit of Helene Leutz, and which allegedly remain unpaid.

It is the opinion of this Court that defendants' motion for summary judgment should be denied as to all counts, except as to Count One and Count Five, as aforesaid.

It will be so ordered.